■ MARIA LOPEZ et al., Appellants, v JUAQUIN REYES-FLORES et al., Defendants, and EDWARD R. WILDS, Respondent. [861 NYS2d 389]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Rebolini, J.), dated October 11, 2007, which granted the motion of the defendant Edward R. Wilds for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Edward R. Wilds for summary judgment dismissing the complaint insofar as asserted against him is denied.

The plaintiffs were passengers in a vehicle operated by the defendant Juaquin Reyes-Flores. As the vehicle attempted to make a left-hand turn at an intersection, it collided with a vehicle operated by the defendant Edward R. Wilds. The plaintiffs thereafter commenced this action against, among others, Reyes-Flores and Wilds. Wilds moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that Reyes-Flores' failure to yield the right-of-way as required by Vehicle and Traffic Law § 1141 was the sole proximate cause of the accident. The Supreme Court granted the motion and the plaintiffs appeal. We reverse.

In support of his motion for summary judgment, Wilds failed to make a prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]). On this record, even if Reyes-Flores violated Vehicle and Traffic Law § 1141 by failing to yield the right-of-way to Wilds, the deposition testimony of both Wilds and the plaintiff Maria Lopez, which Wilds submitted in support of his motion, did not establish, as a matter of law, Wilds' freedom from comparative negligence (*see Scibelli v Hopchick*, 27 AD3d 720 [2006]; *Eastmond v Wen Po Wong*, 300 AD2d 344 [2002]; *Millus v Milford*, 289 AD2d 543 [2001]).

In light of our determination, we need not examine the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Hanna v Alverado*, 16 AD3d 624 [2005]). Florio, J.P., Angiolillo, McCarthy and Dickerson, JJ., concur.