■ JOEL KIM et al., Appellants, v CARLOS F. ACOSTA, Respondent. [897 NYS2d 721]—

In an action to recover damages for personal injuries, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered May 8, 2009, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the conduct of the plaintiff Eun Youn Kim was the sole proximate cause of the accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the conduct of the plaintiff Eun Youn Kim was the sole proximate cause of the accident is denied.

During the afternoon of April 23, 2005, a vehicle operated and owned by the defendant collided with a vehicle operated by the plaintiff Eun Youn Kim (hereinafter the mother) at the intersection of 81st Street and 31st Avenue in Queens. The mother was traveling northbound on 81st Street with her son, the infant plaintiff Joel Kim, as a front-seat passenger. The defendant was traveling westbound on 31st Avenue. At the subject intersection, northbound 81st Street is governed by a stop sign, but westbound 31st Avenue is not governed by any traffic control sign or device.

In support of that branch of his motion which was for summary judgment dismissing the complaint on the ground that the mother's conduct was the sole proximate cause of the accident, the defendant failed to submit evidence sufficient to establish his entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Virzi v Fraser*, 51 AD3d 784 [2008]). " 'There can be more than one proximate cause of an accident' " (*Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008], quoting *Cox v Nunez*, 23 AD3d 427, 427

[2005]). Although a stop sign governed the intersection for traffic proceeding northbound along 81st Street at its intersection with 31st Avenue, a triable issue of fact exists as to whether the defendant was free from negligence upon entering the intersection from westbound 31st Avenue and, if not, whether that negligence was a proximate cause of the accident (*see Lopez v Reyes-Flores*, 52 AD3d at 786; *Virzi v Fraser*, 51 AD3d 784 [2008]).

Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint on the ground that the mother's conduct was the sole proximate cause of the accident.

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Balkin, Dickerson and Lott, JJ., concur.