■ BRETT OSTRANDER, Respondent, v LINDA A. SANNICANDRO, Appellant, and WILLIAM J. SCHARFF, Respondent. [914 NYS2d 268]—

In an action to recover damages for personal injuries, the defendant Linda A. Sannicandro appeals from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated October 26, 2009, which denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is affirmed, with costs.

A vehicle operated by the defendant William J. Scharff, in which the plaintiff was a passenger, collided with a vehicle operated by the defendant Linda A. Sannicandro at the intersection of Runyon Street and Namdac Avenue in Islip. The Scharff vehicle was traveling in the northbound lane of Namdac Avenue, which was governed by a stop sign at its intersection with Runyon Street. The Sannicandro vehicle was traveling in the westbound lane of Runyon Street, which was not governed by a traffic control device.

Sannicandro failed to submit evidence sufficient to establish her entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]). Although a stop sign governed the intersection for traffic proceeding in the direction that the Scharff vehicle traveled, triable issues of fact exist as to whether Sannicandro was free from negligence and, if not, whether that negligence was a proximate cause of the accident (*see Kim v Acosta*, 72 AD3d 648 [2010]; *Virzi v Fraser*, 51 AD3d 784 [2008]; *Campbell-Lopez v Cruz*, 31 AD3d 475 [2006]). Accordingly, the Supreme Court properly denied Sannicandro's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.