■ ANGEL BONILLA, Respondent, v ROBERT R. CALABRIA et al., Appellants. [915 NYS2d 615]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated March 1, 2010, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

A driver who has the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield to the driver with the right-of-way (*see* Vehicle and Traffic Law §§ 1128, 1143; *Jacino v Sugerman*, 10 AD3d 593 [2004]). A driver who has the right-of-way, however, also has a duty to keep a proper lookout to avoid colliding with other vehicles (*see Demant v Rochevet*, 43 AD3d 981 [2007]; *Pena v Santana*, 5 AD3d 649, 650 [2004]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894 [2009]).

Here, in support of his motion for summary judgment, the plaintiff submitted the deposition testimony of the parties, who presented conflicting testimony as to the facts surrounding the accident. Accordingly, the plaintiff failed to establish, prima facie, that the defendant driver's alleged negligent operation of his vehicle was the sole proximate cause of the accident (*see generally Todd v Godek*, 71 AD3d 872 [2010]; *Malak v Wynder*, 56 AD3d 622 [2008]; *Gordon v Honig*, 40 AD3d 925 [2007]). In light of the plaintiff's failure to meet his prima facie burden, we

need not consider the sufficiency of the defendants' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability.

In light of our determination, we do not reach the defendants' remaining contention. Mastro, J.P., Chambers, Roman and Cohen, JJ., concur.