■ JERMAINE G. MYLES, Respondent, v RICHARD G. BLAIN, Appellant, and WAYNE C. ARMSTRONG, JR., Respondent. [916 NYS2d 836]—

In action to recover damages for personal injuries, the defendant Richard G. Blain appeals from an order of the Supreme Court, Kings County (Battaglia, J.), dated March 22, 2010, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed, with one bill of costs.

This action arises out of an automobile collision at the intersection of Cortelyou Road and East 21st Street in Brooklyn. The plaintiff was a passenger in a vehicle owned and operated by the defendant Wayne C. Armstrong, Jr., which was traveling north on East 21st Street. The Armstrong vehicle collided with a vehicle owned and operated by the defendant Richard G. Blain, which was traveling west on Cortelyou Road. It is undisputed that a stop sign governs traffic proceeding northbound on East 21st Street at the subject intersection, and that no traffic device governs traffic proceeding westbound on Cortelyou Road. The plaintiff commenced this action against the owners/operators of both vehicles to recover damages for personal injuries. Blain thereafter moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The Supreme Court denied Blain's motion, and we affirm.

Blain failed to make a prima facie showing of his entitlement to judgment as a matter of law. The evidence submitted in support of the motion, which consisted, inter alia, of deposition testimony and the police accident report, revealed the existence of a factual dispute as to whether Armstrong came to a complete stop at the stop sign governing traffic on Cortelyou Road before entering the intersection. Furthermore, even if Armstrong failed to come to a complete stop, "[t]here can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]), and Blain's evidentiary submissions were insufficient to eliminate all issues of fact as to his possible compara-

tive negligence in allegedly traveling at an excessive rate of speed, and in failing to use reasonable care to avoid the collision. Accordingly, the Supreme Court properly denied Blain's motion (*see Ostrander v Sannicandro*, 80 AD3d 587 [2011]; *Kim v Acosta*, 72 AD3d 648, 649 [2010]; *Cali v Mustafa*, 68 AD3d 700, 701 [2009]; *Goldenberg v Palewicz*, 65 AD3d 518 [2009]; *Gardner v Smith*, 63 AD3d 783 [2009]; *Rotondi v Rao*, 49 AD3d 520, 521 [2008]; *Cox v Nunez*, 23 AD3d at 428). Mastro, J.P., Dillon, Eng and Sgroi, JJ., concur.