■ DEREK WILSON, JR., Appellant, v KEITH ROSEDOM et al., Respondents. [919 NYS2d 59]—

A driver who has the right-of-way is entitled to anticipate that the other driver will obey traffic laws which require him or her to yield (*see* Vehicle and Traffic Law § 1141; *Kann v Maggies Paratransit Corp.*, 63 AD3d 792, 793 [2009]; *Moreno v Gomez*, 58 AD3d 611, 612 [2009]; *Palomo v Pozzi*, 57 AD3d 498, 498 [2008]; *Gabler v Marly Bldg. Supply Corp.*, 27 AD3d 519, 520 [2006]; *Moreback v Mesquita*, 17 AD3d 420, 421 [2005]). Moreover, a driver is negligent if he or she failed to see that which, through the proper use of senses, should have been seen (*see Laino v Lucchese*, 35 AD3d 672, 672 [2006]; *Berner v Koegel*, 31 AD3d 591, 592 [2006]; *Bongiovi v Hoffman*, 18 AD3d 686, 687 [2005]; *Bolta v Lohan*, 242 AD2d 356 [1997]). At the same time, a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection (*see Cox v Nunez*, 23 AD3d 427, 427 [2005]). "There can be more than one proximate cause of an accident" (*id.*), and the issue of comparative negligence is generally a question for the jury to decide (*see Sokolovsky v Mucip, Inc.*, 32 AD3d 1011 [2006]; *see Rios v Johnson V.B.C.*, 17 AD3d 654, 656 [2005]).

Here, the plaintiff established his prima facie entitlement to judgment as a matter of law. However, in opposition, the affidavit of the defendant Keith Rosedom raised triable issues of fact, including, but not limited to, which vehicle lawfully entered the intersection first.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Mastro, J.P., Angiolillo, Balkin, Lott and Miller, JJ., concur.