■ Louis B. Anastasi, Appellant, v Anthony A. Terio et al., Respondents. [924 NYS2d 424]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lane, J.), dated June 10, 2010, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied.

This action arises out of a motor vehicle accident that occurred at the intersection of 43rd Avenue and 167th Street in Queens. The traffic proceeding in the same direction as the plaintiff's vehicle was controlled by a stop sign, while the traffic proceeding in the same direction as the defendants' vehicle was not controlled by any traffic device. The plaintiff's decedent was sitting in the back seat of the vehicle operated by the plaintiff.

Contrary to the Supreme Court's determination, the defendants failed to submit evidence sufficient to establish their prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]). Although a stop sign governed the intersection for traffic proceeding in the direction that the plaintiff's vehicle traveled, triable issues of fact exist as to whether the defendant driver was free from negligence and, if not, whether that negligence was a proximate cause of the accident (*see Myles v Blain*, 81 AD3d 798 [2011]; *Kim v Acosta*, 72 AD3d 648 [2010]; *Virzi v Fraser*, 51 AD3d 784 [2008]; *Campbell-*

*Lopez v Cruz*, 31 AD3d 475 [2006]; *Cox v Nunez*, 23 AD3d 427 [2005]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint. Angiolillo, J.P., Dickerson, Belen and Sgroi, JJ., concur.