■ DAVID POLLACK, Respondent, v LANCE MARGOLIN et al., Appellants. [924 NYS2d 282]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated November 15, 2010, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant driver correctly contends that, on the record presented, the plaintiff was negligent as a matter of law for failing to properly signal before changing lanes (see Vehicle and Traffic Law § 1163 [b]; Vainer v DiSalvo, 79 AD3d 1023, 1024 [2010]). However, the defendant driver failed to establish, prima facie, that the plaintiff's negligence was the sole proximate cause of the subject collision. There can be more than one proximate cause and, thus, the proponent of a summary judgment motion has the burden of establishing freedom from comparative negligence as a matter of law (see Kim v Acosta, 72 AD3d 648, 648-649 [2010]; Lopez v Reyes-Flores, 52 AD3d 785, 786 [2008]; Cox v Nunez, 23 AD3d 427, 427-428 [2005]).

Here, although the defendant driver had the right-of-way and was entitled to anticipate that the plaintiff would obey the traffic laws (see Martin v Ali, 78 AD3d 1135, 1136 [2010]; Yelder v Walters, 64 AD3d 762, 764 [2009]), the defendant driver also had a duty to use reasonable care to avoid a collision (see Bonilla v Calabria, 80 AD3d 720 [2011]; Cox v Nunez, 23 AD3d at 427-428). The conflicting deposition testimony regarding the facts surrounding the accident, which was submitted by the defendants in support of their summary judgment motion, failed to establish a prima facie case for judgment as a matter of law, since the evidence raised triable issues of fact as to whether the defendant driver contributed to the happening of the accident (see Franzese v Consolidated Dairies, Inc., 83 AD3d 775 [2011]; Kolivas v Kirchoff, 14 AD3d 493 [2005]). Accordingly, the Supreme Court's denial of the defendants' motion was proper even without considering the plaintiff's papers in opposition. Angiolillo, J.P., Dickerson, Belen and Sgroi, JJ., concur.