■ CYNTHIA ALLEN, Respondent, v HANNAH M. ECHOLS, Appellant. [931 NYS2d 402]—

This action arises out of an automobile collision which occurred on Parkhill Avenue in Staten Island. The defendant was returning home to her apartment building on Parkhill Avenue and operating her vehicle in the lane of travel across the street from her residence. The plaintiff was operating her vehicle in the same lane of travel behind the defendant's vehicle. Upon noticing a vacant parking space located across the street, in front of her apartment building, the defendant turned her vehicle to the left and attempted to make a U-turn in order to secure the parking space. At some point during this maneuver, the plaintiff's vehicle and the defendant's vehicle collided. Thereafter, the plaintiff commenced this action against the defendant. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff's alleged negligence was the sole proximate cause of the accident. The Supreme Court denied the motion. We affirm.

The defendant failed to make a prima facie showing of her entitlement to judgment as a matter of law. In support of her motion, she submitted her deposition transcript and portions of the plaintiff's deposition transcript. The parties' deposition testimony was conflicting and revealed a factual dispute as to

how, where, and why the accident occurred. While a driver is negligent if he or she fails to see that which, through the proper use of one's senses, should have been seen (*see Wilson v Rosedom*, 82 AD3d 970 [2011]), there can be more than one proximate cause of an accident (*see Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *Myles v Blain*, 81 AD3d 798 [2011]; *Kim v Acosta*, 72 AD3d 648 [2010]; *Cox v Nunez*, 23 AD3d 427 [2005]), and the issue of comparative fault is generally a question for the trier of fact (*see Wilson v Rosedom*, 82 AD3d 970 [2011]).

Here, the defendant's evidentiary submissions were insufficient to eliminate all issues regarding the facts surrounding the accident and whether either or both parties were negligent (*see Pollack v Margolin*, 84 AD3d at 1342; *Myles v Blain*, 81 AD3d at 798-799; *Sayed v Aviles*, 72 AD3d 1061, 1062 [2010]; *Kolivas v Kirchoff*, 14 AD3d 493 [2005]; *Stoehr v Levere*, 183 AD2d 886 [1992]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.