■ ROBERT FOGEL, Respondent, v CHARLES L. RIZZO et al., Appellants. [937 NYS2d 122]—

On March 25, 2008, the plaintiff allegedly was injured when the vehicle he was operating came into contact with a vehicle operated by the defendant Charles L. Rizzo, and owned by the defendant Sandi J. Rizzo, who was a passenger in the Rizzo vehicle at the time of the accident. The impact between the two vehicles occurred as the plaintiff was attempting to change from the right lane to the left lane on the Cross Island Parkway service road near its intersection with 160th Street in Queens. Thereafter, the plaintiff commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.

The defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law. In support of their motion, they submitted, inter alia, their deposition transcripts, as well as the plaintiff's deposition transcript. The parties' deposition testimony was conflicting and revealed a factual dispute as to how and why the accident occurred. While a driver is negligent if he or she makes an unsafe lane change (*see* Vehicle and Traffic Law § 1128 [a]), or fails to see that which, through the proper use of one's senses, should have been seen (*see Allen v Echols*, 88 AD3d 926 [2011]), there can be more than one proximate cause of an accident (*id.*; *see Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *Cox v Nunez*, 23 AD3d 427 [2005]), and the issue of comparative negligence is generally a question for the trier of fact (*see Allen v Echols*, 88 AD3d 926 [2011]; *Wilson v Rosedom*, 82 AD3d 970 [2011]). Here, the defendants failed to eliminate all triable issues of fact as to whether the plaintiff was negligent in the operation of his vehicle, and whether any such negligence was the sole proximate cause of the accident (*see Boodlall v Herrera*, 90 AD3d 590 [2d Dept 2011]). Since the defendants failed to meet their prima facie burden, we need not consider the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Roman, Sgroi and Cohen, JJ., concur.