■ Scott Silverman, Respondent, v Edward Johnson et al., Appellants. [941 NYS2d 528]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated December 1, 2010, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On January 28, 2008, at around 7:30 A.M., the plaintiff, while driving his vehicle on West Main Street near its intersection with Midland Street in Huntington, allegedly was involved in a motor vehicle accident with a sanitation truck operated by the defendant Edward Johnson and owned by the defendant Town of Huntington. The plaintiff commenced this action against Johnson and the Town. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff's alleged negligent operation of his vehicle was the sole proximate cause of the collision. The Supreme Court denied the motion.

The Supreme Court properly determined that the defendants

failed to make a prima facie showing of their entitlement to judgment as a matter of law. In support of their motion, the defendants submitted transcripts of the plaintiff's examination before trial and hearing conducted pursuant to General Municipal Law § 50-h, and Johnson's deposition, and excerpts from the transcript of the deposition of a nonparty witness, who was another Town employee assigned to the subject sanitation truck on the morning of the accident. This testimony provided conflicting accounts as to the manner in which the accident occurred and, thus, the defendants failed to establish, prima facie, that the plaintiff was negligent in the operation of his vehicle and that any such negligence was the sole proximate cause of the accident (*see Fogel v Rizzo*, 91 AD3d 706, 706 [2012]; *Allen v Echols*, 88 AD3d 926 [2011]; *Bonilla v Calabria*, 80 AD3d 720 [2011]; *Todd v Godek*, 71 AD3d 872 [2010]). In light of the defendants' failure to meet their prima facie burden, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Dickerson, J.P., Chambers, Austin and Miller, JJ., concur.