■ ISAAC WINNER et al., Appellants, v STAR CRUISER TRANS-PORTATION, INC., et al., Respondents. [944 NYS2d 297]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Vaughan, J.), entered December 6, 2011, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On December 6, 2009, a vehicle owned and operated by the plaintiff Isaac Winner (hereinafter Isaac), and an Access-A-Ride van operated by the defendant William P. Volpe, Jr., were involved in an accident on Avenue W, at its intersection with Batchelder Street, in Brooklyn. Isaac had been traveling eastbound on Avenue W when Volpe, traveling westbound on Avenue W, attempted to turn left onto Batchelder Street. The traffic light controlling the intersection was green for both drivers.

Isaac, and his wife, suing derivatively, commenced this action to recover damages for personal injuries. The plaintiffs then moved for summary judgment on the issue of liability. The Supreme Court denied the motion and the plaintiffs appeal. We affirm.

"There can be more than one proximate cause [of an accident] and, thus, the proponent of a summary judgment motion has the burden of establishing freedom from comparative negligence as a matter of law" (*Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *see Gardella v Esposito Foods, Inc.*, 80 AD3d 660, 660 [2011]). While an operator of a motor vehicle traveling with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield (*see Ahern v Lanaia*, 85 AD3d 696, 696 [2011]; *Mohammad v Ning*, 72 AD3d 913, 914 [2010]; *Loch v Garber*, 69 AD3d 814, 816 [2010]), the operator traveling with the right-of-way still has an obligation to keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles (*see Allen v Echols*, 88 AD3d 926, 926 [2011]; *Pollack v*

*Margolin*, 84 AD3d at 1342; *Bonilla v Calabria*, 80 AD3d 720, 720 [2011]; *Todd v Godek*, 71 AD3d 872, 872 [2010]).

The Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability since they failed to establish their prima facie entitlement to judgment as a matter of law. In support of their motion, the plaintiffs submitted a transcript of the testimony given by Isaac at a hearing held pursuant to General Municipal Law § 50-h, his affirmation of merit, the police accident report and the pleadings. At the General Municipal Law § 50-h hearing, Isaac testified that, when he saw the defendants' van, it was already in the intersection. He explained, during his testimony and in his affirmation of merit, that the front of the defendants' van came into contact with the left front side of his vehicle. Consequently, the plaintiffs' submissions did not establish, as a matter of law, that Isaac was free from comparative fault (*see Boodlall v Herrera*, 90 AD3d 590, 590 [2011]; *Gardella v Esposito Foods, Inc.*, 80 AD3d at 660; *Demant v Rochevet*, 43 AD3d 981, 981 [2007]; *Burghardt v Cmaylo*, 40 AD3d 568, 569 [2007]; *Scibelli v Hopchick*, 27 AD3d 720, 720 [2006]).

Since the plaintiffs did not sustain their prima facie burden, we need not review the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The plaintiffs' remaining contention need not be addressed in light of our determination. Rivera, J.P., Hall, Lott and Austin, JJ., concur.