■ ESIN COLPAN, Appellant, v ALLIED CENTRAL AMBULETTE, INC., et al., Respondents. [948 NYS2d 564]

Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff's motion which was for leave to reargue (*see Shields v Kleiner*, 93 AD3d 710 [2012]; *Fung v Uddin*, 60 AD3d 992 [2009]).

A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (*see Vainer v DiSalvo*, 79 AD3d 1023 [2010]; *Botero v Erraez*, 289 AD2d 274 [2001]; *Ferrara v Castro*, 283 AD2d 392 [2001]; *Packer v Mirasola*, 256 AD2d 394 [1998]). Moreover, under the common law, a driver is bound to see what is there to be seen through the proper use of his or her senses (*see Matamoro v City of New York*, 94 AD3d 722 [2012]; *Wilson v Rosedom*, 82 AD3d 970 [2011]; *Topalis v Zwolski*, 76 AD3d 524, 525 [2010]; *Gonzalez v County of Suffolk*, 277 AD2d 350 [2000]), and is negligent for the failure to do so (*see Todd v Godek*, 71 AD3d 872 [2010]).

" 'There can be more than one proximate cause of an accident' " (*Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008], quoting *Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Allen v Echols*, 88 AD3d 926, 927 [2011]). As a result, "the proponent of a summary judgment motion has the burden of establishing freedom from comparative negligence as a matter of law" (*Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *see Gardella v Esposito Foods, Inc.*, 80 AD3d 660, 660 [2011]). "[T]he issue of comparative fault is generally a question for the trier of fact" (*Allen v Echols*, 88 AD3d at 927).

The defendants correctly contend that the plaintiff was negligent as a matter of law in operating her bicycle in violation of Vehicle and Traffic Law § 1127. However, on their motion the defendants failed to establish, prima facie, that the plaintiff's negligence was the sole proximate cause of the subject collision. Here, although the vehicle operated by the defendant Craig D. Frazier (hereinafter the defendant driver) had the right-of-way and was entitled to anticipate that the plaintiff would obey the traffic laws, the defendant driver also had a duty to exercise due care to avoid colliding with the plaintiff, a bicyclist (*see* Vehicle and Traffic Law § 1146 [a]). The transcripts of the deposition testimony of both the defendant driver and of the plaintiff, which were submitted in support of the defendants' motion for summary judgment dismissing the complaint, raised triable issues of fact as to whether the defendant driver was negligent in violating Vehicle and Traffic Law § 1146 (a), and whether he failed to see what was there to be seen through the proper use

of his senses. The defendant driver admitted that he did not see the plaintiff until the point of impact, despite the fact that he stopped for "seconds" at the subject intersection before turning left. Mastro, A.P.J., Angiolillo, Austin and Sgroi, JJ., concur.