In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered July 25, 2011, which granted the plaintiffs motion for summary judgment on the issue of liability.
Ordered that the order is reversed, on the law, with costs, and the plaintiffs motion for summary judgment on the issue of liability is denied.
A driver is bound to see what is there to be seen through the proper use of his or her senses (see Matamoro v City of New York, 94 AD3d 722 [2012]; Wilson v Rosedom, 82 AD3d 970 [2011]; Topalis v Zwolski, 76 AD3d 524, 525 [2010]; Gonzalez v County of Suffolk, 277 AD2d 350 [2000]), and is negligent for the failure to do so (see Todd v Godek, 71 AD3d 872 [2010]). A driver also has a duty to exercise reasonable care under the circumstances to avoid an accident (see Filippazzo v Santiago, 277 AD2d 419, 420 [2000]; Johnson v Phillips, 261 AD2d 269, 271 [1999]).
Although a violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (see Vainer v DiSalvo, 79 AD3d 1023 [2010]; Botero v Erraez, 289 AD2d 274 [2001]; Ferrara v Castro, 283 AD2d 392 [2001]; Packer v Mirasola, 256 AD2d 394 [1998]), “ ‘[t]here can be more than one proximate cause of an accident’ ” (Lopez v Reyes-Flores, 52 AD3d 785, 786 [2008], quoting Cox v Nunez, 23 AD3d 427, 427 [2005]; see Allen v Echols, 88 AD3d 926, 927 [2011]). Consequently, “the proponent of a summary judgment motion has the burden of establishing freedom from comparative negligence as a matter of law” (Pollack v Margolin, 84 AD3d 1341, 1342 [2011]; see Gardella v Esposito Foods, Inc., 80 AD3d 660, 660 [2011]), bearing in mind that “the issue of comparative fault is generally a question for the trier of fact” (Allen v Echols, 88 AD3d at 927).
The defendants correctly contend on appeal that, on the record presented, the plaintiff failed to establish, prima facie, that her injured son (hereinafter the infant) was not comparatively at fault in the happening of the accident. The deposition testimony of the defendant Robert L. Serrone established that Serrone was negligent as a matter of law, as he violated Vehicle *621 and Traffic Law § 1146 (a). In this respect, Serrone admitted to not seeing the infant, who was riding a bicycle as Serrone was turning right at the subject intersection, and admitted to striking the infant in the course of making that turn. Thus, Serrone failed to see what was clearly there to be seen as he made his right turn at the intersection. However, the plaintiff, as the proponent of the summary judgment motion, failed to establish the infant’s freedom from comparative fault. The infant himself admitted at his deposition that, while he was stopped on his bicycle, at least partially in the street at the corner of the intersection, he observed the truck being driven by Serrone as it was turning slowly towards him, and made no attempt to move out of the way. Therefore, his testimony presented a triable issue of fact as to whether he was comparatively at fault in the happening of the accident (see Thoma v Ronai, 82 NY2d 736 [1993]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see also Myles v Blain, 81 AD3d 798 [2011]), and this failure to establish freedom from comparative fault required the denial of the plaintiffs motion for summary judgment, regardless of the sufficiency of the defendants’ opposition papers (see Winegrad v New York Univ. Med. Ctr, 64 NY2d 851, 853 [1985]). Skelos, J.P., Dickerson, Chambers and Hinds-Radix, JJ., concur.