In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated May 4, 2012, as granted that branch of the plaintiff’s motion which was for summary judgment on the issue of liability.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiffs motion which was for summary judgment on the issue of liability is denied.
The plaintiff was driving his vehicle southbound on Ocean Avenue in Brooklyn when he was involved in an accident with a vehicle driven by the defendant Adam Akesson, which was traveling in the opposite direction on the same street. After having stopped for a red traffic signal on Ocean Avenue, the plaintiff’s vehicle turned left onto Avenue Z when the light turned green, but had to come to an abrupt stop to avoid striking a pedestrian crossing Avenue Z. When the plaintiff s vehicle stopped, the rear portion of his vehicle blocked the lane in which Akesson was driving. The front of Akesson’s vehicle then came into contact with the rear passenger side of the plaintiffs vehicle.
The plaintiff moved, inter alia, for summary judgment on the *841 issue of liability, and the Supreme Court granted that branch of the motion.
Contrary to the Supreme Court’s determination, the plaintiff failed to submit evidence sufficient to establish his prima facie entitlement to judgment as a matter of law on the issue of liability (see Vehicle and Traffic Law § 1141; Simmons v Canady, 95 AD3d 1201, 1202 [2012]). The plaintiff had the burden of establishing freedom from comparative fault as a matter of law (see Pollack v Margolin, 84 AD3d 1341, 1342 [2011]) since there can be more than one proximate cause of an accident (see Allen v Echols, 88 AD3d 926, 927 [2011]; Bonilla v Calabria, 80 AD3d 720, 720 [2011]; Kim v Acosta, 72 AD3d 648, 648-649 [2010]; Lopez v Reyes-Flores, 52 AD3d 785, 786 [2008]). In support of his motion, the plaintiff submitted, inter alia, his and Akesson’s deposition transcripts, which contained conflicting testimony as to the facts surrounding the accident, including whether the plaintiff proceeded into the intersection when Akesson’s vehicle was so close as to constitute an immediate hazard. Since a driver is negligent if he or she failed to see that which, through the proper use of senses, should have been seen {see Katanov v County of Nassau, 91 AD3d 723, 725 [2012]; Wilson v Rosedom, 82 AD3d 970 [2011]; Kucar v Town of Huntington, 81 AD3d 784, 785 [2011]), the plaintiffs evidentiary submissions were insufficient to eliminate all triable issues of fact surrounding the accident and whether either or both drivers were negligent (see Allen v Echols, 88 AD3d at 927).
Further, contrary to the plaintiffs contention, this accident, in which the plaintiffs vehicle was struck on the rear passenger side by the front of the defendants’ vehicle, did not involve a rear-end collision {cf Vehicle and Traffic Law § 1129 [a]).
Accordingly, the Supreme Court should have denied that branch of the plaintiffs motion which was for summary judgment on the issue of liability, regardless of the sufficiency of the defendants’ opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Mastro, J.E, Austin, Cohen and Miller, JJ., concur.