ALICIA REGANS, Appellant, v BERNARDINO BARATTA, Respondent. [965 NYS2d 171]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Markey, J.), dated September 12, 2011, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for personal injuries she sustained when a vehicle she was driving collided with a vehicle driven by the defendant at an intersection in Queens. After issue was joined, the plaintiff moved for summary judgment on the issue of liability. She submitted, inter alia, an affidavit in which she attested that her direction of travel was not governed by any traffic control device, that she entered the intersection with the right-of-way, and that the defendant caused the collision by entering the intersection after disregarding a stop sign governing his direction of travel. The plaintiff failed to set forth any additional circumstances regarding the collision, including the manner in which she was operating her own vehicle.

"There can be more than one proximate cause [of an accident] and, thus, the proponent of a summary judgment motion has the burden of establishing freedom from comparative negligence as a matter of law" (*Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *see Antaki v Mateo*, 100 AD3d 579 [2012]; *Winner v Star Cruiser Transp., Inc.*, 95 AD3d 1109 [2012]). While an operator of a motor vehicle traveling with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield (*see Steiner v Dincesen*, 95 AD3d 877, 878 [2012]; *Pollack v Margolin*, 84 AD3d at 1342), the operator traveling with the right-of-way still has an obligation to keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles (*see Winner v Star Cruiser Transp., Inc.*, 95 AD3d at 1109-1110; *Bonilla v Calabria*, 80 AD3d 720 [2011]). The issue of comparative fault is generally a question for the trier of fact (*see Allen v Echols*, 88 AD3d 926, 927 [2011]; *Wilson v Rosedom*, 82 AD3d 970 [2011]).

Here, the plaintiff failed to submit evidence eliminating a triable issue of fact as to whether she contributed to the happening of the accident (*see Antaki v Mateo*, 100 AD3d at 579; *Pollack v Margolin*, 84 AD3d at 1342; *Tapia v Royal Tours Serv., Inc.*, 67 AD3d 894, 895 [2009]). Since the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law, her motion was properly denied regardless of the sufficiency of the defendant's papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Winner v Star Cruiser Transp., Inc.*, 95 AD3d at 1110; *Anastasi v Terio*, 84 AD3d 992 [2011]). Eng, P.J., Rivera, Angiolillo and Balkin, JJ., concur.