In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated December 14, 2012, as granted the plaintiffs motion for summary judgment on the issue of liability.
*1056 Ordered that the order is affirmed insofar as appealed from, with costs.
The plaintiff, while on his bicycle, was stopped in the middle of the northbound bicycle lane on Central Park West, at its intersection with West 95th Street, when he was struck by a motor vehicle operated by the defendant Eddy S. Suharwono and owned by the defendant Howsal Cab Corp. The defendants’ vehicle had been traveling northbound, in the lane closest to the subject bicycle lane. The plaintiff commenced this action against the defendants to recover damages for his personal injuries and, after discovery was completed, the plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the plaintiffs motion.
To prevail on a motion for summary judgment on the issue of liability, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent but that the plaintiff was free from comparative fault (see Thoma v Ronai, 82 NY2d 736, 737 [1993]; Pollack v Margolin, 84 AD3d 1341, 1342 [2011]; Mackenzie v City of New York, 81 AD3d 699, 700 [2011]; Klee v Americas Best Bottling Co., Inc., 60 AD3d 911 [2009]), since there can be more than one proximate cause of an accident (see Allen v Echols, 88 AD3d 926, 926 [2011]; Bonilla v Calabria, 80 AD3d 720, 720 [2011]; Kim v Acosta, 72 AD3d 648, 648 [2010]; Lopez v Reyes-Flores, 52 AD3d 785, 786 [2008]). Where the movant has established his or her entitlement to judgment as a matter of law, the opposing party may defeat the motion for summary judgment by submitting sufficient evidence to raise a triable issue of fact as to the moving party’s comparative fault (see Singh v Singh, 81 AD3d 807 [2011]; Martin v Ali, 78 AD3d 1135 [2010]; Thompson v Schmitt, 74 AD3d 789 [2010]; Ishak v Guzman, 12 AD3d 409 [2004]).
Further, a driver is bound to see what is there to be seen through the proper use of his or her senses and is negligent for failure to do so (see Colpan v Allied Cent. Ambulette, Inc., 97 AD3d 776, 777 [2012]; Matamoro v City of New York, 94 AD3d 722 [2012]; Wilson v Rosedom, 82 AD3d 970, 970 [2011]; Topalis v Zwolski, 76 AD3d 524, 525 [2010]; Todd v Godek, 71 AD3d 872 [2010]). A driver also has a duty to exercise reasonable care under the circumstances to avoid an accident (see Shui-Kwan Lui v Serrone, 103 AD3d 620 [2013]; Byrne v Calogero, 96 AD3d 704, 705 [2012]; Zweeres v Materi, 94 AD3d 1111, 1111 [2012]; Filippazzo v Santiago, 277 AD2d 419, 420 [2000]).
Here, the plaintiff established his entitlement to judgment as a matter of law on the issue of liability by submitting a transcript of his deposition testimony and that of the defendant *1057 driver Suharwono. The testimony established that the plaintiff was stopped in the middle of the bicycle lane when he was struck by the defendants’ vehicle, that he did not move into the car lane from the bicycle lane, that Suharwono did not see the plaintiff at any point before the accident, that Suharwono did not know how the accident occurred, and that the broken right side-view mirror of the vehicle driven by Suharwono was found in between the bicycle lane and the lane for parking on Central Park West, which was to the right of the bicycle lane. As a result, the plaintiff established, as a matter of law, that Suharwono was negligent, that Suharwono’s negligence proximately caused the accident, and that the plaintiff was free from comparative fault (see e.g. Klee v Americas Best Bottling Co., Inc., 60 AD3d at 911). In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the plaintiffs motion for summary judgment on the issue of liability. Dillon, J.P, Angiolillo, Dickerson and Chambers, JJ., concur.