■ MICHAEL LANIGAN, an Infant, by His Mother and Natural Guardian, DOROTHY LANIGAN, Respondents-Appellants, v WILLIAM J. TIMMES, Appellant-Respondent. [975 NYS2d 148]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Minardo, J.), dated December 1, 2011, as granted the plaintiffs' motion for summary judgment on the issue of liability "to the extent that the defendant is liable," and the plaintiffs cross-appeal, as limited by their brief, from so much of the same order as failed to award them summary judgment on the issue of comparative fault.

Ordered that the order is reversed insofar as appealed from, on the law, and affirmed insofar as cross-appealed from, with costs to the defendant, and the plaintiffs' motion for summary judgment on the issue of liability is denied.

The plaintiff Michael Lanigan (hereinafter the injured plaintiff) was injured when the right side of the bicycle he was riding came into contact with the front of a vehicle driven by

the defendant William J. Timmes. The plaintiffs moved for summary judgment on the issue of liability arguing, inter alia, that the defendant failed to yield the right of way and that such negligence was the sole proximate cause of the accident. The Supreme Court granted the motion "to the extent that the defendant is liable, but the plaintiff's comparative negligence, if any, shall be decided by a jury."

In a personal injury action, to prevail on a motion for summary judgment on the issue of liability, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent, but that the plaintiff was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *Mackenzie v City of New York*, 81 AD3d 699, 700 [2011]; *Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2010]; *Klee v Americas Best Bottling Co., Inc.*, 60 AD3d 911 [2009]), since there can be more than one proximate cause of an accident (*see Allen v Echols*, 88 AD3d 926, 926 [2011]; *Bonilla v Calabria*, 80 AD3d 720, 720 [2011]; *Kim v Acosta*, 72 AD3d 648, 648 [2010]; *Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]). Thus, the issue of the defendant's liability, a component of which is the apportionment of fault (*see Bryant v State of New York*, 7 NY3d 732 [2006]), cannot be determined as a matter of law until it is decided whether any culpable conduct on the plaintiff's part contributed to the happening of the accident. For this reason, the Supreme Court order granting the plaintiff's motion "to the extent that the defendant is liable," while directing that the "plaintiff's comparative negligence, if any, shall be decided by a jury," was internally inconsistent.

Here, the injured plaintiff testified at his examination before trial that at no time before the accident happened did he see the defendant's vehicle, that his vision was not obstructed by anything that would have prevented him from seeing the vehicle, that the accident happened when he was more than halfway through the intersection, and that immediately before the accident, he was looking at what was in front of him. On the other hand, the defendant testified that when he came to the subject intersection, he stopped his vehicle at the stop sign, looked both ways, did not observe any vehicular or bicycle traffic, and then proceeded into the intersection.

Accordingly, even assuming that the defendant was negligent for failing to cautiously enter the intersection (*see e.g. Grossman v Spector*, 48 AD3d 750 [2008]), nevertheless, the deposition testimony raised a triable issue of fact as to whether the injured plaintiff acted with reasonable care given all the circumstances (*see Thoma v Ronai*, 82 NY2d at 737; *Lu Yuan Yang v*

*Howsal Cab Corp.*, 106 AD3d 1055 [2013]; *Shui-Kwan Lui v Serrone*, 103 AD3d 620 [2013]; *Colpan v Allied Cent. Ambulette, Inc.*, 97 AD3d 776, 777 [2012]; *Albert v Klein*, 15 AD3d 509 [2005]; *see also Palma v Sherman*, 55 AD3d 891, 891 [2008]). Therefore, the plaintiffs' motion for summary judgment on the issue of liability should have been denied in its entirety (*see Shui-Kwan Lui v Serrone*, 103 AD3d at 620). Balkin, J.P., Leventhal, Lott and Sgroi, JJ., concur.