■ PATRICIA CHRISTENSEN et al., Respondents, v ASIL KARAKET et al., Respondents, and FRANK G. DIFRANCO, Appellant. [977 NYS2d 75]—

In an action to recover damages for personal injuries, etc., the defendant Frank G. DiFranco appeals from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated February 28, 2013, as denied those branches of his motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 28, 2009, an accident occurred on County Road 83, near its intersection with Granny Road, in Farmingville, involving a vehicle operated by the plaintiff Patricia Christensen (hereinafter the injured plaintiff), which was traveling northbound, and two other vehicles, which were traveling southbound. One of the two other vehicles was operated by the defendant Sibel Kaya and owned by the defendant Asil Karaket, and the other was owned and operated by the defendant Frank G. DiFranco. DiFranco's vehicle struck the injured plaintiff's vehicle head-on when DiFranco's vehicle crossed over a grassy median separating traffic traveling in opposite directions on County Road 83. It was raining at the time of the accident. DiFranco maintained that his vehicle had been struck in the rear before he crossed the median. He did not see who or what hit the rear of his vehicle. The injured plaintiff has no memory of the accident, while Kaya only remembers her vehicle slipping towards the right, causing her to turn her steering wheel to the left.

The injured plaintiff and her husband, who asserted a derivative claim, commenced this personal injury action against the defendants. DiFranco moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. The Supreme Court denied those branches of his motion.

A driver has a duty to exercise reasonable care under the circumstances to avoid an accident (see Lu Yuan Yang v Howsal Cab Corp., 106 AD3d 1055, 1056 [2013]; Cajas-Romero v Ward, 106 AD3d 850, 851 [2013]; Shui-Kwan Lui v Serrone, 103 AD3d 620 [2013]; Filippazzo v Santiago, 277 AD2d 419, 420 [2000]). Here, DiFranco failed to submit evidence eliminating all triable issues of fact as to whether he negligently contributed to the happening of the accident with the injured plaintiff (see Makagon v Toyota Motor Credit Corp., 23 AD3d 443 [2005]; see also Tomaselli v Goldstein, 104 AD2d 872, 873 [1984]). Since DiFranco failed to establish his prima facie entitlement to judgment as a matter of law, those branches of his motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against him were properly denied, regardless of the sufficiency of the papers submitted in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In light of our determination, we need not decide at this time whether the Noseworthy doctrine (see Noseworthy v City of New York, 298 NY 76 [1948]) applies (see Dorismond v Knox, 103 AD3d 830, 831 [2013]). Austin, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur. [Prior Case History: 2013 NY Slip Op 30462(U).]