■ ESURANCE, as Subrogee of Eliyahou Sasson, Respondent, v EZRA R. BRAHA et al., Appellants. [983 NYS2d 823]—

In a subrogation action to recover amounts paid by the plaintiff to its insured for injury to property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated June 1, 2012, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is denied.

This case arises from a two-vehicle collision involving a vehicle that was insured by the plaintiff and a vehicle that was owned by the defendant Ezra R. Braha and operated by the defendant Jill Braha (hereinafter the defendant driver). The plaintiff disbursed the sum of $29,997.78 to its insured to cover the alleged cost of damages sustained by its insured's vehicle as a result of that collision. Subsequently, the plaintiff, as subrogee of its insured, commenced this action against the defendants to recover the amount it had paid to the insured. The Supreme

Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

Since there could have been more than one proximate cause of the subject accident, the plaintiff, in moving for summary judgment, had to establish, prima facie, that the defendant driver was negligent and that the driver of the insured's vehicle was free from comparative fault (*see Thoma v Ronai*, 82 NY2d 736, 737 [1993]; *Ramos v Bartis*, 112 AD3d 804, 804 [2013]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]). Here, the plaintiff failed to meet its prima facie burden of establishing that the driver of its insured's vehicle was free from comparative fault (*see Regans v Baratta*, 106 AD3d 893, 894 [2013]). Accordingly, that branch of the plaintiff's motion which was for summary judgment on the issue of liability should have been denied, without regard to the sufficiency of the papers submitted by the defendants in opposition (*see id.* at 894; *Ayala v Jasons Towing, Inc.*, 105 AD3d 689, 690 [2013]). Mastro, J.P., Balkin, Miller and LaSalle, JJ., concur.