■ ROBERT FREEMAN et al., Respondents, v SARA TAWIL et al., Appellants. [987 NYS2d 883]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated April 26, 2013, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability is denied.

The injured plaintiff, Robert Freeman, a sanitation worker, allegedly was struck by an automobile operated by the defendant Sara Tawil and owned by the defendant Meyer Tawil as the injured plaintiff was proceeding on foot toward the back of his sanitation truck on McDonald Avenue in Brooklyn. The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries allegedly caused by Sara Tawil's negligence. The plaintiffs moved for summary judg-

ment on the issue of liability, and the Supreme Court granted the motion.

"To prevail on a motion for summary judgment on the issue of liability, a plaintiff has the burden of establishing, prima facie, not only that the defendant was negligent but that the plaintiff was free from comparative fault" (*Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d 1055, 1056 [2013]; *see Thoma v Ronai*, 82 NY2d 736, 737 [1993]), "since there can be more than one proximate cause of an accident" (*Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d at 1056; *see Allen v Echols*, 88 AD3d 926, 927 [2011]). Where the movant has established his or her entitlement to judgment as a matter of law, the opposing party may defeat the motion for summary judgment by submitting sufficient evidence to raise a triable issue of fact as to the moving party's comparative fault (*see Thoma v Ronai*, 82 NY2d at 737; *Allen v Echols*, 88 AD3d at 927).

Here, in support of their motion for summary judgment on the issue of liability, the plaintiffs established, prima facie, that the injured plaintiff had exercised due care and was proceeding within his own lane of traffic immediately prior to the accident, and thus, that the alleged negligent operation of the defendants' vehicle was the sole proximate cause of the accident (*see Lu Yuan Yang v Howsal Cab Corp.*, 106 AD3d at 1057). However, in response, the defendants raised a triable issue of fact as to the injured plaintiff's comparative fault by submitting evidence that the accident occurred after the injured plaintiff crossed into Sara Tawil's lane of traffic. Accordingly, the Supreme Court should have denied the plaintiffs' motion for summary judgment on the issue of liability (*see Allen v Echols*, 88 AD3d at 926-927). Rivera, J.P., Balkin, Leventhal and Roman, JJ., concur.