■ Dawn Paris et al., Appellants, v Louis Ferri, Respondent. [997 NYS2d 150]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Spinner, J.), dated April 2, 2013, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff Dawn Paris (hereinafter the injured plaintiff) allegedly was injured when the vehicle she was driving collided with a vehicle owned and operated by the defendant, at or near an intersection. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

A driver who has the right-of-way is entitled to anticipate that the other driver will obey traffic laws which require him or her to yield (*see* Vehicle and Traffic Law § 1141; *Wilson v*

*Rosedom*, 82 AD3d 970 [2011]; *Kann v Maggies Paratransit Corp.*, 63 AD3d 792, 793 [2009]). At the same time, a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection (*see Wilson v Rosedom*, 82 AD3d 970 [2011]; *Cox v Nunez*, 23 AD3d 427, 427 [2005]).

Here, contrary to the Supreme Court's conclusion, the defendant failed to demonstrate his prima facie entitlement to judgment as a matter of law. Viewing the evidence in the light most favorable to the plaintiffs as the nonmoving parties (*see LeBlanc v Skinner*, 103 AD3d 202, 211-212 [2012]), we find that it did not establish, prima facie, that the injured plaintiff violated Vehicle and Traffic Law § 1141 by failing to yield the right of way to a vehicle "within the intersection or so close as to constitute an immediate hazard" (Vehicle and Traffic Law § 1141), or that, if she did fail to so yield, such violation was the sole proximate cause of the accident (*see Gause v Martinez*, 91 AD3d 595 [2012]; *Wilson v Rosedom*, 82 AD3d 970 [2011]; *Lopez v Reyes-Flores*, 52 AD3d 785 [2008]). In light of the defendant's failure to meet his prima facie burden, we need not consider the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Austin, Sgroi and LaSalle, JJ., concur.