■ RAFI TWIZER, Appellant, v HAGAY LAVI, Defendant, and ROBERT SUED, Respondent. [33 NYS3d 351]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated April 20, 2015, as granted that branch of the motion of the defendant Robert Sued which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Robert Sued which was for summary judgment dismissing the complaint insofar as asserted against him is denied.

This action arises out of an automobile collision which occurred at the intersection of Avenue P and East 10th Street in Brooklyn on February 28, 2011. The plaintiff was a passenger in a vehicle operated by the defendant Hagay Lavi on Avenue P. The defendant Robert Sued was operating his vehicle on Avenue P in the opposite direction. Lavi attempted to make a U-turn at the intersection of Avenue P with East 10th Street, and the two vehicles collided. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against both defendants. Sued moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him, alleging that Lavi's negligence was the sole proximate cause of the accident. The Supreme Court granted Sued's motion.

Sued failed to establish his prima facie entitlement to judgment as a matter of law (*see* Vehicle and Traffic Law § 1225-c [2] [a], [b]; *Allen v Echols*, 88 AD3d 926 [2011]; *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]). In support of his motion, he submitted transcripts of deposition testimony given by him and the plaintiff. This testimony was conflicting as to the facts surrounding the accident. While a driver with the right-of-way is entitled to anticipate that other drivers will obey the traffic laws, the driver with the right-of-way nonetheless also has a duty to avoid colliding with other vehicles (*see Bonilla v Calabria*, 80 AD3d 720, 720 [2011]). There can be more than one proximate cause of an accident (*see Pollack v Margolin*, 84 AD3d at 1342; *Myles v Blain*, 81 AD3d 798, 798 [2011]; *Kim v Acosta*, 72 AD3d 648, 648 [2010]; *Cox v Nunez*, 23 AD3d 427, 427 [2005]), and the issue of comparative negligence is generally a question for the trier of fact (*see Wilson v Rosedom*, 82 AD3d 970, 970 [2011]).

Here, Sued's evidentiary submissions were insufficient to eliminate all triable issues of fact as to whether he was comparatively negligent in the happening of the accident. Specifically, the deposition testimony failed to resolve the issues of whether Sued was using his cell phone while operating his vehicle, whether he could have taken evasive action to avoid colliding with Lavi's vehicle, and whether his negligence, if any, contributed to the happening of the accident (*see Allen v Echols*, 88 AD3d at 927; *Pollack v Margolin*, 84 AD3d at 1342).

Accordingly, the Supreme Court should have denied that branch of Sued's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Eng, P.J., Mastro, Maltese and LaSalle, JJ., concur.