■ MARILYN TAYLOR, Appellant, v BRAT AUTO SALES, LTD., et al., Respondents. [42 NYS3d 346]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Walker, J.), dated September 18, 2015, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

On May 21, 2014, at approximately 4:30 p.m., a vehicle operated by the plaintiff and a vehicle operated by the defendant Richard V. Bruno, which was owned by the defendant Brat Auto Sales, Ltd., collided on Bath Avenue, at its intersection with Bay 11th Street, in Brooklyn. At the time of the subject accident, the plaintiff was driving on Bath Avenue and the defendants' vehicle was traveling on Bay 11th Street. At the intersection, Bath Avenue was not governed by any traffic

control devices, while Bay 11th Street was controlled by a stop sign. The plaintiff subsequently commenced this action against the defendants, alleging that due to the defendants' negligence, she sustained personal injuries. The plaintiff moved for summary judgment on the issue of liability, and the Supreme Court denied the motion. We affirm.

While an operator of a motor vehicle traveling with the right-of-way is entitled to anticipate that other drivers will obey the traffic laws requiring them to yield (*see McPherson v Chanzeb*, 123 AD3d 1098, 1099 [2014]; *Rodriguez v Klein*, 116 AD3d 939 [2014]), the driver with the right-of-way nonetheless also has an obligation to keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles (*see Twizer v Lavi*, 140 AD3d 736 [2016]; *Mu-Jin Chen v Cardenia*, 138 AD3d 1126, 1129 [2016]; *Arias v Tiao*, 123 AD3d 857, 858 [2014]; *Bennett v Granata*, 118 AD3d 652, 653 [2014]; *Regans v Baratta*, 106 AD3d 893 [2013]; *Winner v Star Cruiser Transp., Inc.*, 95 AD3d 1109, 1109 [2012]; *Bonilla v Calabria*, 80 AD3d 720 [2011]; *Todd v Godek*, 71 AD3d 872 [2010]; *see also Simmons v Canady*, 95 AD3d 1201, 1202 [2012]). There can be more than one proximate cause of a motor vehicle accident and, thus, "a plaintiff moving for summary judgment on the issue of liability in an action alleging negligence must establish, prima facie, not only that the defendant was negligent but that the plaintiff was free from comparative fault" (*Adams v Bruno*, 124 AD3d 566, 567 [2015]). The issue of comparative fault is generally a question for the trier of fact (*see Allen v Echols*, 88 AD3d 926, 927 [2011]; *Wilson v Rosedom*, 82 AD3d 970 [2011]).

Here, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law, as her submissions were insufficient to eliminate all triable issues of fact as to whether she contributed to the happening of the accident (*see Regans v Baratta*, 106 AD3d 893 [2013]; *Simmons v Canady*, 95 AD3d 1201 [2012]). Since the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied her motion for summary judgment on the issue of liability, regardless of the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Balkin, J.P., Dickerson, Hinds-Radix and Brathwaite Nelson, JJ., concur.