■ GEORGE E. SORRENTINO, III, et al., as Coadministrators of the Estate of GEORGE E. SORRENTINO, Also Known as GEORGE E. SORRENTINO, JR., Deceased, Appellants, v SHELDON FIREMAN, Doing Business as TRATTORIA DELL'ARTE RESTAURANT, Respondent. [786 NYS2d 170]—

Order, Supreme Court, New York County (Vincent Bradley, J.), entered October 10, 2003, which, at the close of plaintiffs' case, granted defendant's motion for a directed verdict dismiss-

ing plaintiffs' complaint, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, and the matter remanded for a new trial before another judge.

This case was first before us on appeal from the denial of defendant's motion for summary judgment dismissing the complaint (298 AD2d 333 [2002]). We affirmed, holding that, while no duty is imposed upon a restaurant proprietor or employee to engage in any affirmative action with respect to a choking victim (Public Health Law § 1352-b [4]), defendant's employees undertook affirmative action in calling 911, and conflicting evidence was presented as to the time they took to make the call, whether plaintiffs detrimentally relied on their assurances, and the extent to which any delay was the proximate cause of the decedent's death (citing *Heard v City of New York*, 82 NY2d 66, 72 [1993], and *Parvi v City of Kingston*, 41 NY2d 553, 559 [1977]). We specifically noted that the Sprint report provided evidence of a significant delay in placing the call.

The case is before us again, on appeal from the trial court's grant, at the close of plaintiffs' case, of defendant's motion for a directed verdict dismissing the complaint. The court held that plaintiffs failed to establish a prima facie case of negligence, specifically noting that the timing of defendant's acts was "based on an estimate of time given by the maitre d' of the restaurant" and that "[t]he only, everyone is working back from the EMT report to prove the alleged negligence of this restaurant."

A motion for a directed verdict is appropriately granted "where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party" (*Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). In considering the motion, the court "must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (*id.*). Applying this standard, we find that the trial court improperly granted defendant's motion.

Plaintiffs testified that the decedent began to choke at 9:30 P.M., that his daughter shouted for someone to call 911, and that the restaurant manager told the family several times, "We're calling." The daughter testified that she did not call 911 herself because she assumed, based on these assurances, that defendant's employees were calling and she relied on their assurances that the call had been made. The manager testified that he believed the decedent started choking at 9:45 P.M., that he never promised to call 911 before he made the call, and that he

never told the family that he had called. However, he stated that he nodded once to "whomever it was that requested an ambulance."

The Sprint report showed that the call to 911 from the restaurant was placed at 10:12 P.M. The ambulance call report indicated that the call was received by the ambulance from the 911 dispatcher at 10:14 P.M. and that the ambulance arrived at the restaurant three minutes later, at 10:17 P.M. There was also evidence that the drive to the nearest hospital took two minutes. A board-certified neurologist testified that after the decedent's airway became obstructed, he had only 10 or 11 minutes before the oxygen loss would result in irreversible brain damage.

Upon this evidence, the jury could rationally have found that defendant communicated to plaintiffs that 911 was called, that plaintiffs relied on this communication and refrained from calling 911 themselves, that defendant failed to call until nearly 45 minutes later, and that this failure to call expeditiously caused the emergency medical assistance to be delayed well past the critical 10 or 11 minutes in which the decedent could have been resuscitated. Concur—Mazzarelli, J.P., Ellerin, Lerner, Friedman and Sweeny, JJ.