■ GEORGETTE HAGENSEN, Respondent, v FERRO, KUBA, MANGANO, SKYLAR, GACOVINO & LAKE, P.C., Appellant. (And a Third-Party Action.) [969 NYS2d 34]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered January 3, 2013, which, to the extent appealed from, denied defendant law firm's motion for summary judgment dismissing the first cause of action for legal malpractice, unanimously affirmed, without costs.

Defendant failed to timely serve the pleadings in an underlying personal injury action it commenced on plaintiff's behalf, and the action was dismissed on statute of limitations grounds. Defendant moved for summary judgment in the instant action, alleging that plaintiff could not establish the proximate cause

element of the malpractice claim (*see generally Wo Yee Hing Realty Corp. v Stern*, 99 AD3d 58, 62-63 [1st Dept 2012]). Defendant argues that plaintiff's evidence failed to raise a triable issue that "but-for" defendant's negligence, plaintiff would have been successful in the underlying action.

Plaintiff's deposition testimony that she fell on loose gravel and/or small rocks on the paved surface of the driveway of the premises she rented, and that the area of the driveway on which she fell was somewhat obscured from view by a parked car, raises factual issues as to whether the cause of her fall was attributable to the loose gravel condition. Any inconsistencies in plaintiff's testimony as to the cause of her fall raise credibility issues for the jury (*see Cuevas v City of New York*, 32 AD3d 372, 373 [1st Dept 2006]).

Defendant's argument that plaintiff's preexisting medical conditions compromised her ability to ambulate and was the cause of her fall is not supported by the evidence and, in any event, the testimony by plaintiff alone raises triable issues as to whether her fall was attributable to the loose gravel/small rock condition on the driveway. There can be more than one proximate cause of an accident, and a plaintiff need not exclude every other possible cause apart from the landowner's alleged breach of its duty owing to the plaintiff (*see Lopez v 1372 Shakespeare Ave. Hous. Dev. Fund Corp.*, 299 AD2d 230, 232 [1st Dept 2002]). Concur—Friedman, J.P., Sweeny, DeGrasse, Richter and Feinman, JJ.