■ KIM JOHNSON, Respondent, v ANN-GUR REALTY CORPORATION, Appellant, et al., Defendant. [985 NYS2d 541]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered September 16, 2013, which denied the motion of defendant Ann-Gur Realty Corporation (Ann-Gur) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.

Ann-Gur failed to establish its entitlement to judgment as a matter of law in this action where plaintiff was injured when he allegedly tripped and fell after stepping in a defect in the sidewalk that abutted premises owned by Ann-Gur. The record presents triable issues as to whether Ann-Gur's negligence in failing to maintain the subject sidewalk in a safe condition was a proximate cause of plaintiff's accident. Ann-Gur presented evidence supporting two proximate causes of the accident, including plaintiff's testimony that he tripped on a hole in the sidewalk, and the report of Ann-Gur's medical expert opining that plaintiff was intoxicated at the time of his fall and that that was likely the cause of his fall. Under these circumstances, resolution of the issue of whether and to what extent plaintiff's condition contributed to his accident is a question of fact (*see Ruiz v 30 Real Estate Corp.*, 47 AD3d 432 [1st Dept 2008]; *compare McNally v Sabban*, 32 AD3d 340 [1st Dept 2006]). Similarly, any inconsistencies in plaintiff's testimony present credibility issues for a trier of fact (*see e.g. Hagensen v Ferro, Kuba, Mangano, Skylar, Gacovino & Lake, P.C.*, 108 AD3d 410, 411 [1st Dept 2013]). Concur—Tom, J.P., Acosta, Moskowitz, Gische and Clark, JJ.