Luciana Cicalese, Appellant, v Ezequier Burier et al., Defendants, and Sergio Garcia, Respondent. [1 NYS3d 210]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated May 21, 2013, which granted the motion of the defendant Sergio Garcia for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Sergio Garcia for summary judgment dismissing the complaint insofar as asserted against him is denied.

On February 11, 2010, the plaintiff was a passenger in a vehicle operated by the defendant Sergio Garcia. Garcia was operating his vehicle on 65th Street in Brooklyn, approaching its intersection with 5th Avenue. According to the plaintiff's deposition testimony, Garcia stopped his vehicle at a red traffic light at the intersection of 65th Street and 5th Avenue, and, when the light turned green, Garcia began to turn left onto 5th Avenue. However, according to Garcia's deposition testimony, when his vehicle arrived at the intersection the light was green, and he stopped his vehicle within the intersection and waited for oncoming cars to pass so that he could turn left onto 5th Avenue. According to Garcia, as he waited to turn left, the traffic signal changed from green to yellow to red, at which time he began to turn left onto 5th Avenue. According to both the plaintiff and Garcia, as Garcia turned left onto 5th Avenue, his vehicle was struck by a vehicle owned by the defendant Sensible Management Services and operated by the defendant Ezequier Burier, which was traveling on 65th Street in the opposite direction from which Garcia's vehicle had been traveling.

" 'There can be more than one proximate cause [of an accident] and, thus, the proponent of a summary judgment motion has the burden of establishing freedom from comparative negligence as a matter of law' " (*Winner v Star Cruiser Transp.,*

*Inc.*, 95 AD3d 1109, 1109 [2012], quoting *Pollack v Margolin*, 84 AD3d 1341, 1342 [2011]; *see Gardella v Esposito Foods, Inc.*, 80 AD3d 660, 660 [2011]). "While an operator of a motor vehicle traveling with the right-of-way is entitled to assume that the opposing driver will obey the traffic laws requiring him or her to yield (*see Ahern v Lanaia*, 85 AD3d 696, 696 [2011]; *Mohammad v Ning*, 72 AD3d 913, 914 [2010]; *Loch v Garber*, 69 AD3d 814, 816 [2010]), the operator traveling with the right-of-way still has an obligation to keep a proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles" (*Winner v Star Cruiser Transp., Inc.*, 95 AD3d at 1109; *see Allen v Echols*, 88 AD3d 926, 926 [2011]; *Pollack v Margolin*, 84 AD3d at 1342; *Bonilla v Calabria*, 80 AD3d 720, 720 [2011]; *Todd v Godek*, 71 AD3d 872, 872 [2010]).

Here, contrary to the Supreme Court's determination, Garcia failed to establish his prima facie entitlement to judgment as a matter of law. Garcia, who submitted transcripts of the plaintiff's and his own deposition testimony in support of his motion, failed to establish, as a matter of law, that his codefendants' conduct was the sole proximate cause of the accident, or that he was free from comparative fault in the happening of the accident (*see Pinilla v New York City Tr. Auth.*, 122 AD3d 703 [2014]; *Lopez v Reyes-Flores*, 52 AD3d 785, 786 [2008]). Accordingly, the Supreme Court should have denied Garcia's motion for summary judgment dismissing the complaint insofar as asserted against him. Skelos, J.P., Dickerson, Austin and Maltese, JJ., concur.