Nakasato v 331 W. 51st Corp (2015 NY Slip Op 00619)





Nakasato v 331 W. 51st Corp


2015 NY Slip Op 00619


Decided on January 27, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2015

Mazzarelli, J.P., Andrias, Manzanet-Daniels, Gische, JJ.


13792 103045/09

[*1] Akira Nakasato, Plaintiff-Respondent,
v
331 W. 51st Corp, et al., Defendants-Appellants.


Lewis Brisbois Bisgaard & Smith, LLP, New York (Nicholas P. Hurzeler of counsel), for 331 W 51st Corp, appellant.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Jennifer Lewkowski of counsel), for Eleben Yau-Mei Wong, appellant.
Kramer & Dunleavy, LLP, New York (Lenore Kramer of counsel), for respondent.



Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 19, 2014, which, after a jury trial, granted plaintiff's motion to set aside the verdict as an impermissible compromise and ordered a new trial on all issues, denied defendants' motions for a directed verdict, and denied defendant 331 W. 51st Corp's cross motion for a judgment notwithstanding the verdict dismissing the complaint, unanimously affirmed, without costs.
Plaintiff was severely injured in a restaurant and bar when he fell down a staircase. The staircase had no upper landing and was separated from the public space only by a door that opened inwardly. The restaurant and bar was operated by defendant-tenant, 331 W. 51st Corp, in a building owned by codefendant Wong. There were no eyewitnesses to the accident and plaintiff, who suffered extensive brain and spinal injuries as a result, testified that he had no memory of the incident. Consequently, plaintiff relied on other evidence to establish his case.
After plaintiff rested, both defendants moved for a directed verdict. The court reserved decision. At the conclusion of trial, the jury commenced deliberations, during which time it submitted two notes to the court. The first note requested clarification on the definition of negligence. The second note informed the court that the jury was deadlocked 3-3 as to question #1 on the jury sheet, which asked whether 331 W. 51st Corp was negligent. It also stated that the jury was unable to apportion fault "attributable to both defendant or plaintiff." In response, the court defined negligence for the jury and directed that deliberations resume in an effort to reach a verdict. Approximately 90 minutes later, the jury returned with its verdict. The jury found that 331 W. 51st Corp was negligent and that its negligence was a substantial factor in causing the accident. The jury found that codefendant Wong was not negligent. Nevertheless, in disregard of the instructions on the jury verdict sheet, it went on to also find that Wong's actions were not a substantial factor in causing plaintiff's injuries. The jury further determined that plaintiff was negligent and that his conduct was a proximate cause of the accident. Liability was then apportioned 75% as to plaintiff and 25% as to 331 W. 51st Corp. Plaintiff was awarded [*2]$88,797.27 for past medical expenses, as stipulated by the parties prior to trial. No other damages were awarded to plaintiff for either past or future economic or non-economic loss.
Plaintiff made a motion to set aside the verdict pursuant to CPLR 4404(a), seeking a new trial on all issues, arguing that the verdict was the product of an impermissible jury compromise. Defendants opposed the motion and 331 W. 51st Corp cross-moved for a judgment notwithstanding the verdict, arguing that no rational jury could find that 31 W. 51st Corp's actions caused plaintiff's accident. The court granted plaintiff's motion to set aside the jury verdict as a compromise and ordered a new trial as to all issues and all parties, but denied defendants' motions for a directed verdict, and denied defendant 331 W. 51st Corp's cross motion for a judgment notwithstanding the verdict. Both defendants appealed.
The trial court properly denied defendants' motions for a directed verdict and 331 W. 51st Corp's cross motion to set aside the verdict. A motion for a directed verdict should only be granted when there is no rational process by which a finder of fact could find in favor of the non-moving party (Sorrentino v Fireman, 13 AD3d 122, 125 [1st Dept 2004]). A jury verdict should not be set aside unless it could not have been reached by any fair interpretation of the evidence (McDermott v Coffee Beanery Ltd., 9 AD3d 195, 206 [1st Dept 2004]). Here, the evidence adduced at trial, both direct and circumstantial, was sufficient to support a finding that 331 W. 51st Corp's negligence proximately caused plaintiff's injuries (see Schneider v Kings Hwy Hosp. Ctr., 67 NY2d 743, 744 [1986)]; Reed v Piran Realty Corp., 30 AD3d 319 [1st Dept 2006], lv denied 8 NY3d 801 [2007]). There was evidence presented at trial that the stairway was dangerous because it had no landing and the door opened inward. The proprietors and employees of 331 W. 51st Corp testified that it was the lounge's policy to keep the cellar door locked at all times to prevent patrons from entering the cellar. Employees had keys for the door and were instructed to unlock and re-lock it whenever they went down to the cellar. The evidence further supported a finding that the door was unlocked at the time of the incident. In addition, there was evidence in the record that no appropriate warning sign was placed on or adjacent to the cellar door. The bartender's testimony that he heard a loud series of thumps apparently coinciding with plaintiff's fall down the staircase, and that plaintiff was found lying at the bottom of the stairwell immediately thereafter, was proper evidence relied upon by the jury in reaching its conclusion.
Plaintiff was not required to exclude every other possible cause of the accident in order to meet his burden (Cisse v SFJ Realty Corp., 256 AD2d 257, 258 [1st Dept 1998]). 331 W. 51st Corp's argument that plaintiff's intoxication was the cause of the accident discounts that there may be more than one proximate cause of an accident (see Hagensen v Ferro, Kuba, Mangano, Skylar, Gacovino & Lake, P.C., 108 AD3d 410 [1st Dept 2013]) and that the jury appropriately accounted for plaintiff's comparative negligence by attributing 75% of the fault to him.
Notwithstanding our conclusion that the jury finding of liability against 331 W. 51st Corp has support in the record, we also believe the trial court correctly set aside that verdict and ordered a new trial. The failure of the jury to award damages beyond reimbursement of medical expenses, despite the severity and permanency of plaintiff's injuries, supported the trial court's conclusion that the jury rendered an impermissible compromise verdict (Rivera v City of New York, 253 AD2d 597, 600 [1st Dept 1998]). In cases involving seriously injured plaintiffs, where issues of liability are sharply contested, and the damages awarded are inexplicably low, the verdict is most likely the product of a jury compromise (Farmer v A & T Bus Co., Inc., 96 AD2d 783, 783-784 [1st Dept 1983], appeal dismissed 61 NY2d 670 [1983]). The crux of the prohibited trade off is that, "in addition to finding plaintiff partially responsible for the accident, [*3]the jury also compromised on liability and damages by finding the total amount for plaintiff's injuries much too low" (Woods v J.R. Liqs., 86 AD2d 546, 547 [1st Dept 1982]; see Figliomeni v Board of Educ. of City School Dist. of Syracuse, 38 NY2d 178 ,182 [1975]).
The issues of liability in this case were hotly contested at trial. Before rendering its verdict, the jury sent the court a note stating that it was deadlocked on the question of whether 331 W. 51st Corp was negligent. An hour and a half later, the jury emerged with a verdict finding that 331 W. 51st Corp was negligent and attributing 25% fault to that defendant. While the jury imputed some level of fault to 331 W. 51st Corp, the plaintiff was inexplicably awarded no damages for either past or future pain and suffering or economic loss, even though the severity and permanency of plaintiff's injuries was well-documented. Since the extensiveness of plaintiff's injuries cannot be reconciled with the absence of a damages award, the verdict reached by the jury was likely the outgrowth of a compromise, and a retrial is required (Lamanna v Jankowski, 52 AD3d 340, 341 [1st Dept 2008]). Contrary to the alternate argument that any retrial should at most be limited to damages, we simply cannot know whether the compromise entailed the issue of liability, attribution of fault, the calculating of damages, or any combination thereof. The jury notes suggest that the compromise may have included the answer to question 1 on the verdict sheet. When there is a strong likelihood that the jury verdict resulted from some type of a trade off, retrial on all issues is mandated (Moreno v Thaler, 255 AD2d 195 [1st Dept 1998]).
We also reject codefendant Wong's argument that there was no compromise as to him because he was found non-negligent. It is unclear at what point in the deliberations the compromise occurred and the jury notes suggest it may have even preceded consideration of Wong's negligence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 26, 2015
CLERK