■ ISRAEL GUTIERREZ BAUTISTA, Respondent, v GRAND AMBULETTE SERVICE, INC., Defendant, CLAUDIO SANCHEZ, JR., Respondent, and UNITED PARCEL SERVICE, INC., et al., Appellants. [33 NYS3d 717]—

Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered March 7, 2016, which, to the extent appealed from, denied the motion of defendants United Parcel Service, Inc., and Gilbert Soto-Mayor (collectively UPS defendants) for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiff bicyclist sustained significant injuries when an ambulette owned by defendant Grand Ambulette Service, Inc. and operated by defendant Sanchez struck plaintiff as it made a left-hand turn. The UPS defendants' truck was parked in the left-hand lane as it waited for a space at a loading dock to become open and the location of the UPS defendants' parked truck required Sanchez to maneuver around the UPS truck to make a turn from the middle lane of traffic. Following the accident, the UPS defendants' vehicle was issued a parking ticket.

The UPS defendants moved for summary judgment dismiss-

ing the complaint as against them, arguing, inter alia, that even assuming that the UPS driver was negligent in parking the truck in the manner that he did, Sanchez's illegal left turn from the middle lane of traffic was the proximate cause of the accident. The motion court properly denied the motion. "[O]wners of improperly parked cars may be held liable to plaintiffs injured by negligent drivers of other vehicles, depending on the determinations by the trier of fact of the issues of foreseeability and proximate cause" (*O'Connor v Pecoraro*, 141 AD2d 443, 445 [1st Dept 1988]). Here, the UPS defendants were issued a ticket for a parking violation (*see* 34 RCNY 4-07 [b] [1]; 4-08; *Murray-Davis v Rapid Armored Corp.*, 300 AD2d 96 [1st Dept 2002]) and, while it was the ambulette that struck plaintiff, it is well established that there can be more than one cause of an accident (*see e.g. Nakasato v 331 W. 51st Corp*, 124 AD3d 522, 524 [1st Dept 2015]; *White v Diaz*, 49 AD3d 134, 138 [1st Dept 2008]).

We have considered the remaining arguments and find them unavailing. Concur—Friedman, J.P., Andrias, Saxe, Richter and Kahn, JJ.