■ JEFFREY BELL, Appellant, v KWADWO ANGAH et al., Respondents. [45 NYS3d 471]—

Order, Supreme Court, New York County (Leticia M. Ramirez, J.), entered on or about October 13, 2016, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously affirmed, without costs.

Plaintiff, a cyclist, made a prima facie showing of his entitlement to partial summary judgment based on his evidence, including averments of a nonparty witness, that he was lawfully traveling in a designated bicycle lane, with a yield sign in his favor, when defendant taxi driver attempted to make a left turn and, in the process, crossed over the bicycle lane just moments before plaintiff arrived at the same spot, causing plaintiff to brake sharply and be pitched over his handlebars in order to avoid a collision with the taxi (see 34 RCNY 4-12 [p] [2]; Vehicle and Traffic Law §§ 1142 [b]; 1172 [b]; Murchison v Incognoli, 5 AD3d 271 [1st Dept 2004]).

In opposition, defendant taxi driver's observations that plaintiff was riding his bicycle very fast raised factual issues as to plaintiff's potential comparative negligence (Cicalese v Burier, 123 AD3d 1078, 1079 [2d Dept 2014]; cf. Guerrero v Milla, 135 AD3d 635, 636 [1st Dept 2016] [the defendant's assertion that she "believe(d)" a fast-moving vehicle was plaintiff's vehicle amounted to speculation and failed to raise an issue of fact]). An accident may have more than one proximate cause (see Gutierrez Bautista v Grand Ambulette Serv., Inc., 140 AD3d 639, 640 [1st Dept 2016]; Cicalese, 123 AD3d at 1078).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Friedman, J.P., Renwick, Saxe and Gische, JJ.