Hamilton v 208-214 E 25th St LLC (2023 NY Slip Op 06594)

Hamilton v 208-214 E 25th St LLC

2023 NY Slip Op 06594

Decided on December 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 21, 2023

Before: Manzanet-Daniels, J.P., González, Scarpulla, Mendez, Higgitt, JJ. 

Index No. 154246/21 Appeal No. 1284 Case No. 2022-04595 

[*1]Reilly Hamilton, Plaintiff-Appellant,
v
208-214 E 25th St LLC, Defendant-Respondent.

Mandel Bhandari LLP, New York (Evan Mandel of counsel), for appellant.
Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., New York (William D. Buckley of counsel), for respondent.

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered July 29, 2022, which granted plaintiff's motion for a default judgment to the extent of directing an inquest regarding defendant's liability, if any, unanimously modified, on the law, to strike the directive for an inquest as to defendant's liability, grant a default judgment as to liability against defendant, and otherwise affirm, without costs.
Defendant property owner is precluded from arguing on appeal that plaintiff failed to give proper notice of electronic filing of the summons and complaint pursuant to Uniform Rules of the Trial Courts (22 NYCRR) § 202.5-bb(b)(3) (see CPLR 3211[a][8]) because it defaulted on the motion at issue, thus failing to raise that argument below (see generally Antiohos v Morrison, 144 AD3d 427 [1st Dept 2016]).
The record, including plaintiff's supporting affidavit and a New York City Department of Buildings Peremptory Order to Vacate, served upon defendant owner, sufficiently substantiated defendant's liability as owner of the building. Such evidence also supported plaintiff's allegations that her trip and fall from an unguarded elevated roof area adjacent to a roof deck, down to the alley below, was a proximate cause of the injuries she sustained due to owner's alleged unsafe rooftop (see Powers v 31 E 31 LLC, 123 AD3d 421, 424 [1st Dept 2014]). There can be more than one cause that contributes to an accident's occurrence (see Gutierrez Bautista v Grand Ambulette Serv., Inc., 140 AD3d 639, 640 [1st Dept 2016]; Nakasato v 331 W. 51st Corp., 124 AD3d 522, 524 [1st Dept 2015]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 21, 2023