Verna v Little Ritchie Bus Serv. Inc. (2024 NY Slip Op 00176)

Verna v Little Ritchie Bus Serv. Inc.

2024 NY Slip Op 00176

Decided on January 16, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 16, 2024

Before: Moulton, J.P., Kapnick, Scarpulla, Higgitt, O'Neill Levy, JJ. 

Index No. 156195/19 Appeal No. 1437 Case No. 2023-01290 

[*1]Sacha Verna, Plaintiff-Appellant,
v
Little Ritchie Bus Service Inc. et al., Defendants-Respondents.

Law Office of Vaccaro & White, LLP, New York (Steve Vaccaro of counsel), for appellant.
Bamundo Zwal Schermerhorn & Caffrey LLP, New York (Bartholomew T. Russo of counsel), for respondents.

Order, Supreme Court, New York County (James G. Clynes, J.), entered on or about January 17, 2023, which denied plaintiff's motion for summary judgment on the issue of liability and denied dismissal of defendants' affirmative defense of comparative negligence, unanimously modified, on the law, to grant the motion on the issue of defendants' liability and otherwise affirmed, without costs.
Plaintiff demonstrated prima facie that defendant bus driver violated Vehicle and Traffic Law § 1146(a) when the protruding rearview mirror of defendants' school bus struck plaintiff while she was operating her bicycle within a designated bicycle lane (see Bell v Angah, 146 AD3d 734 [1st Dept 2017]; Lu Yuan Yang v Howsal Cab Corp., 106 AD3d 1055, 1057 [2d Dept 2013]).
In opposition, defendants failed to raise an issue of fact as to defendant driver's lack of negligence. Defendant bus driver testified that he did not see plaintiff, a cyclist riding in front of him, until after she fell, which establishes that he violated his common-law duty to see what was there to be seen with ordinary use of his senses, and took no steps to avoid hitting her with the extending mirror (see Sarac-Marshall v Mikalopas, 125 AD3d 570, 571 [1st Dept 2015]; Johnson v Phillips, 261 AD2d 269, 271 [1st Dept 1999]). However, defendants raised an issue of fact as to plaintiff's comparative negligence because the parties dispute whether plaintiff veered into the driving lane at the time defendants' vehicle hit her. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 16, 2024