Taylor v New York City Hous. Auth. (2024 NY Slip Op 03099)

Taylor v New York City Hous. Auth.

2024 NY Slip Op 03099

Decided on June 06, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 06, 2024

Before: Webber, J.P., Oing, Kapnick, Rosado, Michael, JJ. 

Index No. 155430/19 Appeal No. 2452 Case No. 2023-02813 

[*1]Sundra Taylor, Plaintiff-Respondent,
v
New York City Housing Authority, et al., Defendants-Appellants.

Lester Schwab Katz & Dwyer, LLP, New York (Daniel S. Kotler of counsel), for appellants.
Tucker Lawyers PC, Syosset (Adam N. Lepzelter of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered May 22, 2023, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that she sustained injuries when she slipped on a wet surface in the hallway of her apartment building. On their summary judgment motion, defendants failed to demonstrate entitlement to dismissal of the complaint because they failed to establish that they neither created the alleged dangerous condition nor lacked actual or constructive notice of that condition. Although plaintiff testified that she did not see any water on the floor, she testified that her pants were wet after she fell. Furthermore, plaintiff's husband testified that he heard splashing as he walked down the hall to the elevator shortly before plaintiff left their apartment, thus corroborating plaintiff's claim that she slipped on a wet surface. Plaintiff's husband also testified that he had made numerous prior complaints to defendants about water in the hallway. This testimony, taken together, was sufficient to raise a triable issue of fact.
Moreover, the medical evidence did not definitively establish that plaintiff's claimed injuries were caused by her preexisting physical disability rather than by defendants' alleged negligence. Affording plaintiff every reasonable inference as the nonmovant, the record does not eliminate the possibility that plaintiff slipped in the hallway as she testified, and that this accident was a proximate cause of her injuries (see Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404 [1957]; Bell v Angah, 146 AD3d 734, 734 [1st Dept 2017]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 6, 2024