Rosenfeld v BM Islam
2026 NY Slip Op 04047
June 25, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Evan Rosenfeld, Appellant,
v
BM Islam, et al., Respondents.

Decided and Entered: June 25, 2026
Index No. 160455/24|Appeal No. 6971|Case No. 2025-06505|
Before: Webber, J.P., Kapnick, Gesmer, Pitt-Burke, Chan, JJ.

Caitlin Robin & Associates PLLC, New York (Mark Laughlin of counsel), for appellant.
The Zweig Law Firm P.C., Cedarhurst (Jonah S. Zweig of counsel), for respondents.

[*1]
Order, Supreme Court, New York County (Christopher Chin, J.), entered on or about September 10, 2025, which denied plaintiff's motion for summary judgment on liability, unanimously affirmed, without costs.
Plaintiff was allegedly injured in a collision between the e-scooter that he was riding and a taxicab driven by defendant BM Islam and owned by defendants Skorpios LLC and Freebird Taxi LLC. Plaintiff alleged that, after he entered the intersection of 51st Street and Lexington Avenue in Manhattan with the lawful right-of-way, the driver ran a red light, drove into plaintiff's path, and struck him at a high rate of speed.
Supreme Court properly denied plaintiff's motion for summary judgment because triable issues of fact exist as to how the collision occurred. Neither the video footage of the collision nor the still images taken from the video resolve the issue of liability, because the traffic signal facing defendants' taxi cannot be seen in either the video or the still images, and the collision itself is not clearly depicted (see Lopez v Rodriguez, 242 AD3d 511, 512 [1st Dept 2025]; Miranda-Lopez v New York City Tr. Auth., 177 AD3d 431, 431-432 [1st Dept 2019]). Contrary to plaintiff's assertion, the video does not irrefutably demonstrate that he was free from negligence (see Miranda-Lopez, 177 AD3d at 432). As a result, triable issues of fact remain as to which party was at fault or to what degree, if any, each party was at fault (see Bell v Angah, 146 AD3d 734, 734 [1st Dept 2017]).
In view of the foregoing, we need not reach defendants' arguments in opposition (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 25, 2026