■ MARY A. DeMATTEO, Respondent, v SANFORD A. RATZAN, M.D., P.C., et al., Appellants. [751 NYS2d 766] —In an action, inter alia, to recover damages for medical malpractice, the defendants appeal from an order of the Supreme Court, Suffolk County (Underwood, J.), dated January 29, 2002, which denied their motion for summary judgment dismissing the complaint on the ground that it was time-barred.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that the plaintiff made sufficient allegations of fraudulent concealment by the defendants of her injuries to, at the very least, raise triable issues of fact as to whether equitable estoppel is applicable to prevent the defendants from asserting the defense of the statute of limitations (*see Simcuski v Saeli,* 44 NY2d 442; *Harkin v Culleton,* 156 AD2d 19; *Szajna v Rand,* 131 AD2d 840). Therefore, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint on the ground that it was time-barred. Florio, J.P., Feuerstein, McGinity and Schmidt, JJ., concur.

■ MARK EASTMOND, Appellant, v WEN PO WONG et al., Respondents. [751 NYS2d 767] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Golar, J.), dated April 3, 2002, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, without costs or disbursements.

Although the evidence submitted by the plaintiff established that the defendant driver violated Vehicle and Traffic Law § 1160 (c), the plaintiff failed to establish his freedom from comparative negligence as a matter of law (*see Millus v Milford,* 289 AD2d 543). Florio, J.P., O'Brien, Friedmann, Adams and Crane, JJ., concur.