■ VICTOR PAREJA, Appellant, v WILLIAM H. BROWN, Respondent. [795 NYS2d 666]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (LeVine, J.), dated March 30, 2004, which denied his motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff, a pedestrian, attempted to cross a street at a point other than an intersection or a crosswalk, and was struck by the left side-view mirror of the defendant's vehicle, which was going in reverse in order to locate a parking spot. The plaintiff alleged that he attempted to cross the street in the

middle of the block, and that there was a vehicle parked to the right of him and another vehicle parked to the left of him. Right before impact, the plaintiff was staring at a building across the street which was under construction, and did not see the defendant's vehicle. The defendant alleged that he was looking at his rear view and side view mirrors as he backed up, and did not see the plaintiff before the impact.

Under the circumstances, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. The plaintiff failed to submit evidence sufficient to establish as a matter of law that the defendant's alleged negligence in the operation of his vehicle was the sole proximate cause of the accident (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Triable issues of fact exist as to whether the plaintiff contributed to the accident by failing to exercise due care in crossing the street at a point other than an intersection or a crosswalk, and whether the defendant contributed to the accident by failing to exercise due care in operating his vehicle (*see* Vehicle and Traffic Law § 1152 [a], § 1211 [a]; *Parrinello v Davis*, 2 AD3d 610 [2003]; *Dragunova v Dondero*, 305 AD2d 449 [2003]; *Garner v Fox*, 265 AD2d 525 [1999]). Florio, J.P., Schmidt, Santucci and Spolzino, JJ., concur.