■ MARY RYAN, Respondent, v BUDGET RENT A CAR, Defendant, and LOOKING GLASS ASSOCIATES, L.P., et al., Appellants. (And a Third-Party Action.) [830 NYS2d 731]—In an action to recover damages for personal injury, the defendants Looking Glass Associates, L.P., and Anna Sharman appeal (1) from an order of the Supreme Court, Rockland County (Weiner, J.), entered February 10, 2004, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and (2), as limited by their brief, from so much of an order of the same court (Sherwood, J.), entered July 14, 2004, as, upon renewal and reargument, adhered to its original determination.

Ordered that the appeal from the order entered February 10, 2004 is dismissed, as that order was superseded by the order entered July 14, 2004 made upon renewal and reargument; and it is further,

Ordered that the order entered July 14, 2004 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court properly denied the motion for summary judgment by the defendants Looking Glass Associates, L.P., and Anna Sharman (hereinafter the defendants). In support of their motion for summary judgment, the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law. Triable issues of fact exist as to whether the plaintiff was comparatively negligent for, inter alia, failing to exercise due care when crossing the street at a point other than an intersection or a crosswalk, and whether the defendant Anna Sharman contributed to the accident by failing to exercise due care in operating her vehicle (see Vehicle and Traffic Law §§ 1146, 1152 [a]; *Parrinello v Davis*, 2 AD3d 610 [2003]; *Dragunova v Dondero*, 305 AD2d 449, 450 [2003]; *Charles v Ball*, 291 AD2d 367, 368 [2002]; *Ruocco v Mulhall*, 281 AD2d 406, 406-407 [2001]; *Garner v Fox*, 265 AD2d 525, 526 [1999]; *Hogeboom v Protts*, 30 AD2d 618, 619, 620 [1968]). Rivera, J.P., Santucci, Skelos and McCarthy, JJ., concur.