RONAL ALBERTO HERNANDEZ et al., Appellants, v WE TRANSPORT, INC., et al., Respondents. [888 NYS2d 777]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated August 22, 2008, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered September 30, 2008, which, upon the order, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the complaint is reinstated, the defendants' motion for summary judgment dismissing the complaint is denied, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint since the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law. Based upon the deposition testimony of the parties, a triable issue of fact exists as to whether the defendant driver contributed to the subject accident by failing to exercise due care to avoid a collision with the infant plaintiff, who was crossing the street at a point other than an intersection or crosswalk (*see* Vehicle and Traffic Law § 1146; *Ryan v Budget Rent a Car,* 37 AD3d 698, 699 [2007]; *Pareja v Brown,* 18 AD3d 636, 637 [2005]; *Vanni v Bartman,* 16 AD3d 671, 672 [2005]). Fisher, J.P., Angiolillo, Eng and Lott, JJ., concur.