■ GIOVANNI CALI et al., Respondents, v IZEDDIN MUSTAFA et al., Appellants. [888 NYS2d 912]—

Contrary to the Supreme Court's determination, the plaintiff Giovanni Cali (hereinafter Giovanni) failed to satisfy his prima facie burden of establishing his entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Viewing the evidence submitted in support of the plaintiffs' motion in the light most favorable to the nonmoving party (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.,* 7 NY3d 96, 105-106 [2006]; *Marine Midland Bank v Dino & Artie's Automatic Transmission Co.,* 168 AD2d 610 [1990]), there is a triable issue of fact as to whether comparative negligence on Giovanni's part contributed to the subject motor vehicle accident (*see Eastmond v Wen Po Wong,* 300 AD2d 344 [2002]). Although the defendant's direction of travel was controlled by a stop sign at the intersection where the accident occurred, Giovanni's affidavit, submitted in support of the motion, did not establish, as a matter of law, that Giovanni was free from comparative negligence (*see Sale v Lee,* 49 AD3d 854 [2008]; *Scibelli v Hopchick,* 27 AD3d 720 [2006]; *Hernandez v Bestway Beer & Soda Distrib.,* 301 AD2d 381 [2003]; *Eastmond v Wen Po Wong,* 300 AD2d 344 [2002]; *Millus v Milford,* 289 AD2d 543 [2001]; *King v Washburn,* 273 AD2d 725 [2000]).

Since the plaintiffs failed to meet their burden as the movants, we need not review the sufficiency of the defendants' opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Valore v McIntosh,* 8 AD3d 662 [2004]).

Accordingly, the plaintiffs' motion for summary judgment on the issue of liability should have been denied. Mastro, J.P., Belen, Hall and Austin, JJ., concur.