In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), entered July 1, 2009, which denied his motion for summary judgment on the issue of liability.
Ordered that the order is affirmed, with costs.
Although we affirm the order of the Supreme Court, we do so on different grounds from those relied upon by that court. Contrary to the Supreme Court’s determination, the plaintiff failed to “make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact” {Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Thoma v Ronai, 82 NY2d 736, 737 [1993]). The proof submitted by the plaintiff in support of his motion failed to establish, as a matter of law, that he was free from comparative negligence (see Yuen Lum v Wallace, 70 AD3d 1013, 1014 [2010]; Cali v Mustafa, 68 AD3d 700, 701 [2009]; Gideon v Flatlands Beverage Distribs., Inc., 59 AD3d 596 [2009]; Cator v Filipe, 47 AD3d 664, 664-665 [2008]; Scibelli v Hopchick, 27 AD3d 720 [2006]; Wallace v Dubin, 20 AD3d 412 [2005]; Valore v McIntosh, 8 AD3d 662 [2004]; Eastmond v Wen Po Wong, 300 AD2d 344 [2002]). The failure to make such a showing requires the denial of the motion, regardless of the suffi *553 ciency of the defendants’ opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
To the extent that the Appellate Division, First Department holds differently (see Tselebis v Ryder Truck Rental, Inc., 72 AD3d 198 [2010]), we disagree and decline to follow that holding. In Thoma v Ronai (82 NY2d 736 [1993]), a case directly on point, the Court of Appeals, in affirming an order issued by the Appellate Division, First Department, expressly concluded that the plaintiffs motion for summary judgment on the issue of liability was properly denied where the plaintiffs submissions failed to eliminate a triable issue of fact regarding her comparative negligence.
Moreover, contrary to the Appellate Division, First Department’s statements in Tselebis, CPLR 1411 was not relevant to the issues presented herein. CPLR 1411 codifies the rule that any culpable conduct attributable to the plaintiff, including his or her negligence or assumption of risk, does not bar the plaintiffs recovery of damages, but shall diminish that recovery in proportion to the culpable conduct of the defendant. CPLR 1411 pertains to the damages ultimately recoverable by a plaintiff. It has no bearing, procedurally or substantively, upon a plaintiffs burden of proof as the proponent of a motion for summary judgment on the issue of liability. Rivera, J.P, Covello, Balkin and Hall, JJ., concur.