# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

343

CA 10-02088

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

DAVID A. BISHOP, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

ASHLEY R. CURRY AND ROSEMARY CURRY,
DEFENDANTS-APPELLANTS.

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (DANIEL J. GUARASCI OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

STAMM LAW FIRM, WILLIAMSVILLE (BRIAN G. STAMM OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 24, 2010 in a personal injury action. The order denied the motion of defendants for summary judgment, or in the alternative, for sanctions on the ground of spoliation of evidence.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he was struck by a motor vehicle driven by Ashley R. Curry (defendant) upon exiting a bus and attempting to catch another bus across the street. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff's own negligence was the sole proximate cause of the accident and, in the alternative, for sanctions based on plaintiff's spoliation of evidence. Supreme Court properly denied defendants' motion.

It is well established that, in moving for summary judgment, a "party must affirmatively establish the merits of its cause of action or defense and does not meet its burden by noting gaps in its opponent's proof" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980). Here, defendants failed to meet their initial burden in support of their motion inasmuch as they failed to establish as a matter of law that defendant could not have seen plaintiff in time to stop or to take evasive maneuvers to avoid hitting him (*see generally Esposito v Wright*, 28 AD3d 1142). Also, defendant could not recall the speed at which she was traveling before she observed plaintiff in her lane of travel (*see generally Veras v Vezza*, 69 AD3d 611, 612). Therefore, defendants "failed to submit evidence sufficient to establish, prima facie, that the [plaintiff's] alleged negligence was the sole proximate cause of the accident, that [defendant] kept a proper

lookout, and that [her] alleged negligence, if any, did not contribute to the happening of the accident" (*Topalis v Zwolski*, 76 AD3d 524, 525; *see Veras*, 69 AD3d 611; *Ryan v Budget Rent a Car*, 37 AD3d 698).

We reject defendants' alternative contention that the court erred in denying their motion to the extent that it sought to strike the complaint as a sanction for plaintiff's alleged spoliation of evidence, i.e., the loss of one of the accident scene photographs that were marked during depositions.  Of primary importance is the fact that defendants provided no evidence that plaintiff was responsible for the loss of that photograph.  In any event, defendants also failed to establish any prejudice arising from the loss of that photograph, inasmuch as there are other photographs of the accident scene (*see generally Jennosa v Vermeer Mfg. Co.*, 64 AD3d 630, 631-632; *Kirschen v Marino*, 16 AD3d 555, 555-556).

Entered:  April 1, 2011                          Patricia L. Morgan
                                                 Clerk of the Court