■ Vincent Robbins, Respondent, v Gina M. Panzarino, Appellant, et al., Defendants. [942 NYS2d 814]—In an action to recover damages for personal injuries, the defendant Gina M. Panzarino appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Lally, J.), entered June 21, 2011, as denied her motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Gina M. Panzarino (hereinafter the appellant) failed to make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Thoma v Ronai*,

82 NY2d 736, 737 [1993]). The proof submitted by the appellant in support of her motion failed to establish, as a matter of law, that she was not negligent in the happening of the accident (*see Jahangir v Logan Bus Co., Inc.*, 89 AD3d 1064, 1065 [2011]; *Bishop v Curry*, 83 AD3d 1431, 1432 [2011]; *Cali v Mustafa*, 68 AD3d 700, 701 [2009]; *Scibelli v Hopchick*, 27 AD3d 720 [2006]; *Wallace v Dubin*, 20 AD3d 412 [2005]; *Valore v McIntosh*, 8 AD3d 662 [2004]; *Eastmond v Wen Po Wong*, 300 AD2d 344 [2002]). The failure to make such a showing required the denial of the appellant's motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court properly denied the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. Skelos, J.P., Florio, Eng and Roman, JJ., concur.