In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Mahon, J.), dated July 27, 2011, which granted the defendants’ motion, in effect, for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion is denied.
This action arises from an accident that occurred on December 27, 2005, when a bus operated by the defendant Douglas Knox and owned by the defendant MTA Long Island Bus hit a pedestrian, Edith Camilien (hereinafter the pedestrian). The bus allegedly hit the pedestrian while she was running across the street at a location where there was no intersection or crosswalk. The plaintiffs commenced this action to recover damages for *831 personal and derivative injuries, suing as coguardians of the pedestrian and in their individual capacities.
The Supreme Court erred in granting the defendants’ motion, in effect, for summary judgment dismissing the complaint. In support of their motion, the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law. Knox’s deposition testimony reveals that a triable issue of fact exists as to whether Knox contributed to the happening of the subject accident by failing to exercise due care to avoid the collision with the pedestrian, who was crossing the street at a point other than an intersection or crosswalk (see Vehicle and Traffic Law § 1146; Bishop v Curry, 83 AD3d 1431, 1432 [2011]; Hernandez v We Transp., Inc., 67 AD3d 967, 968 [2009]; Allen v Illes, 55 AD3d 1312, 1313 [2008]; Ryan v Budget Rent a Car, 37 AD3d 698, 699 [2007]; Vanni v Bartman, 16 AD3d 671 [2005]; cf. Colpan v Allied Cent. Ambulette, Inc., 97 AD3d 776, 777 [2012]). The defendants’ failure to make a prima facie showing of entitlement to judgment as a matter of law requires denial of their motion, regardless of the sufficiency of the opposing papers (see Seidman v Industrial Recycling Props., Inc., 52 AD3d 678, 680 [2008]; Cendant Car Rental Group v Liberty Mut. Ins. Co., 48 AD3d 397, 398 [2008]).
As the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law, we need not decide at this time whether the Noseworthy doctrine applies (see Noseworthy v City of New York, 298 NY 76 [1948]). Mastro, J.P., Lott, Roman and Cohen, JJ., concur.