In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Reilly, J.), dated February 23, 2014, which denied her motion for summary judgment on the issue of liability.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly was crossing the street with the traffic light in her favor when she was struck by the defendants’ bus as it was making a left turn. In order to prevail on a motion for summary judgment on the issue of liability in an action to recover damages for personal injuries, a plaintiff has the burden of establishing, prima facie, both that the defendant was negligent and that the plaintiff was free of comparative fault (see Blok v Mammadov, 126 AD3d 836, 836-837 [2015]). In support of her motion for summary judgment on the issue of liability, the plaintiff submitted the transcripts of her deposition testimony, and transcripts of the deposition testimony of the defendant bus driver, a dispatcher for the defendant bus company who conducted an investigation at the scene, and an eyewitness to the accident. Their deposition testimony failed to eliminate all material issues of fact as to the plaintiff’s comparative negligence, including, but not limited to, whether *993 the plaintiff failed to exercise due care in crossing the street at a location other than a crosswalk (see Cator v Filipe, 47 AD3d 664, 664 [2008]; Ryan v Budget Rent a Car, 37 AD3d 698, 699 [2007]; Pareja v Brown, 18 AD3d 636, 637 [2005]).
In light of the plaintiff’s failure to meet her prima facie burden, the Supreme Court properly denied the plaintiff’s motion for summary judgment on the issue of liability regardless of the sufficiency of the defendants’ opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.