■ WILLIAM McCAULEY FITZSIMMONS, Respondent, v RICHARD LONG, Appellant, et al., Defendants. [24 NYS3d 728]—

In an action to recover damages for personal injuries, the defendant Richard Long appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Santorelli, J.), dated March 21, 2004, as denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

This action arises from an accident that occurred on October 9, 2005, when a vehicle operated by the defendant Richard Long struck the plaintiff as the plaintiff was crossing Montauk Highway in Bridgehampton. The plaintiff alleges that Long was negligent in failing to observe him and in failing to exercise due care to avoid the collision. After depositions had been conducted, Long moved for summary judgment, contending that the plaintiff's negligence in attempting to cross the highway outside of a crosswalk was the sole proximate cause of the accident. The Supreme Court denied Long's motion, and he appeals.

A defendant moving for summary judgment in a negligence

action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (*see Miller v United Parcel Serv., Inc.*, 131 AD3d 1023, 1024 [2015]; *Boulos v Lerner-Harrington*, 124 AD3d 709 [2015]). "There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]; *see Jones v Vialva-Duke*, 106 AD3d 1052 [2013]), and it is generally for the trier of fact to determine the issue of proximate cause (*see Miller v United Parcel Serv., Inc.*, 131 AD3d at 1024; *Kalland v Hungry Harbor Assoc., LLC*, 84 AD3d 889 [2011]). In determining a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party (*see Boulos v Lerner-Harrington*, 124 AD3d at 709).

Contrary to Long's contention, he failed to demonstrate his prima facie entitlement to judgment as a matter of law. Viewing the evidence submitted by Long in the light most favorable to the plaintiff, it was insufficient to eliminate all triable issues of fact as to whether Long contributed to the accident by failing to keep a proper lookout and failing to exercise due care to avoid the collision (*see* Vehicle and Traffic Law § 1146; *Dorismond v Knox*, 103 AD3d 830, 831 [2013]; *Bishop v Curry*, 83 AD3d 1431, 1432 [2011]; *Hernandez v We Transp., Inc.*, 67 AD3d 967, 968 [2009]; *Ryan v Budget Rent a Car*, 37 AD3d 698, 699 [2007]; *Vanni v Bartman*, 16 AD3d 671 [2005]). Accordingly, the Supreme Court properly denied his motion for summary judgment dismissing the complaint insofar as asserted against him, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Leventhal, Cohen and LaSalle, JJ., concur.