JUAN A. RODRIGUEZ, Respondent, v MOISES A. ARELOINA et al., Appellants. [26 NYS3d 598]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered January 20, 2015, which denied their motion for summary judgment dismissing the complaint on the issue of liability and denied their separate motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed, with costs.

This action arises from an accident that occurred on August 31, 2009 when a vehicle operated by the defendant Moises A. Areloina and owned by the defendant Maria P. Witherspoon struck the plaintiff, a pedestrian, while he was crossing a street at a point other than an intersection or crosswalk.

The Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' motion papers failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that he sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *cf. Calucci v Baker*, 299 AD2d 897 [2002]).

Moreover, the Supreme Court properly denied the defend-

ants' separate motion for summary judgment dismissing the complaint on the issue of liability. Based upon the deposition testimony of the parties, a triable issue of fact exists as to whether the defendant driver contributed to the subject accident by failing to exercise due care to avoid the collision with the plaintiff (*see* Vehicle and Traffic Law § 1146; *Dorismond v Knox*, 103 AD3d 830, 831 [2013]; *Hernandez v We Transp., Inc.*, 67 AD3d 967, 968 [2009]; *Vanni v Bartman*, 16 AD3d 671, 672 [2005]). Accordingly, the defendants failed to establish, prima facie, that the defendant driver was free from negligence.

Since the defendants failed to meet their prima facie burden on either motion, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969). Leventhal, J.P., Dickerson, Duffy and LaSalle, JJ., concur.