ANTHONY RINE, JR., Appellant, v MICHAEL QUADT, Doing Business as VISTA MOTORS, Respondent, et al., Defendants. [57 NYS3d 318]—

Appeal from an order of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered July 7, 2016. The order granted the motion of defendant Michael Quadt, doing business as Vista Motors, for summary judgment dismissing the complaint against him.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained while he was assisting Michael Quadt, doing business as Vista Motors (defendant), back up his truck in a parking lot. While defendant was backing up the truck, plaintiff's arm became caught between defendant's truck and another vehicle in the parking lot. Plaintiff alleged, inter alia, that defendant had a duty to keep a proper lookout, to use proper care when backing up his vehicle, and to warn of his approach. Defendant moved for summary judgment dismissing the complaint against him, contending that he had no duty to prevent plaintiff from placing his arm between the two vehicles and no duty to warn him that it was dangerous to do so. In the alternative, defendant contended that plaintiff's own conduct was the sole proximate cause of the accident. We agree with plaintiff that Supreme Court erred in granting the motion.

With respect to defendant's contention that he had no duty to prevent plaintiff from placing his arm between the two vehicles, we note that plaintiff never alleged that defendant had such a duty. We further note that plaintiff has abandoned his reliance on a duty to warn theory. As alleged by plaintiff, defendant had a generalized duty to exercise reasonable care in backing up his truck and to avoid hitting any pedestrian, including those assisting him in backing up the truck (see Vehicle and Traffic Law § 1211 [a]; see generally McLaurin v Ryder Truck Rental, 123 AD2d 671, 672-673 [1986]), and defendant failed even to address that duty in support of his motion. Finally, with respect to defendant's contention that plaintiff's conduct was the sole proximate cause of the accident, we conclude that defendant failed to meet his initial burden with respect thereto (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Defendant submitted conflicting deposition testimony that raises a triable issue of fact whether defendant contributed to the accident by failing to exercise reasonable care in operating his truck (see Bishop v Curry, 83 AD3d 1431, 1432 [2011]; Pareja v Brown, 18 AD3d 636, 637 [2005]; see generally Kellogg v Pernat, 140 AD3d 1639, 1639-1640 [2016]). Present—Whalen, P.J., Smith, DeJoseph, Troutman and Scudder, JJ.