Gentry v Mean (2018 NY Slip Op 07412)





Gentry v Mean


2018 NY Slip Op 07412


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2016-11977
2017-06671
 (Index No. 13626/14)

[*1]Carla Gentry, appellant, 
v
Babul Mean, respondent.


Talisman & DeLorenz, P.C., Brooklyn, NY (Kevin K. Cowie of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C. (Robert D. Grace of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Martin M. Solomon, J.), dated September 8, 2016, and (2) an order of the same court dated March 23, 2017. The order dated September 8, 2016, granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The order dated March 23, 2017, denied the plaintiff's motion for leave to reargue and renew her opposition to the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the appeal from the order dated March 23, 2017, is dismissed; and it is further,
ORDERED that the order dated September 8, 2016, is reversed, on the law, and the defendant's motion for summary judgment dismissing the complaint is denied; and it is further;
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from so much of the order dated March 23, 2017, as denied that branch of the plaintiff's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Viola v Blanco, 1 AD3d 506, 507). The appeal from so much of the order dated March 23, 2017, as denied that branch of the plaintiff's motion which was for leave to renew must be dismissed as academic in light of our determination on the appeal from the order dated September 8, 2016.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained when the defendant's vehicle ran over her right foot on November 14, 2013. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated September 8, 2016, the Supreme Court granted the defendant's motion. The plaintiff thereafter moved for leave to reargue and renew her opposition to the [*2]defendant's motion. In an order dated March 23, 2017, the court denied the plaintiff's motion. The plaintiff appeals.
The defendant failed to meet his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendant failed to adequately address the plaintiff's claim, set forth in her bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Rodriguez v Areloina, 137 AD3d 892; Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977). Since the defendant failed to meet his prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
The parties' remaining contentions have been rendered academic in light of our determination.
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court