Qi-Wen Pan v Lall (2019 NY Slip Op 06006)





Qi-Wen Pan v Lall


2019 NY Slip Op 06006


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
ANGELA G. IANNACCI, JJ.


2017-07237
 (Index No. 1563/15)

[*1]Qi-Wen Pan, appellant, 
v
Dave Lall, et al., respondents.


Caesar and Napoli, P.C., New York, NY (Ernest A. Spivak of counsel), for appellant.
Tobias & Kuhn, New York, NY (Alexander Statsky and Diane L. DeVita of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated May 19, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On September 24, 2014, the plaintiff allegedly was riding her bicycle in the dedicated bicycle lane on a street in Manhattan when she was struck by a vehicle traveling in the same direction, which was owned by the defendant All American Mason Supply, Inc., and operated by the defendant Dave Lall. The plaintiff commenced this action to recover damages for personal injuries, alleging that the defendants were negligent in the ownership and operation of their vehicle. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
The defendants failed to establish, prima facie, that they were free from fault in the happening of the accident, because their submissions in support of the motion contained conflicting accounts of how the accident happened and raised triable issues of fact as to whether the defendant driver violated Vehicle and Traffic Law § 1146 by failing to exercise due care to avoid the collision with the plaintiff (see Rodriguez v Areloina, 137 AD3d 892, 893; Ortiz v AGL Trucking Corp., 130 AD3d 592; Espiritu v Shuttle Express Coach, Inc., 115 AD3d 787, 789; see also Colpan v Allied Cent. Ambulette, Inc., 97 AD3d 776, 777). The defendants' failure to make a prima facie showing of their entitlement to judgment as a matter of law required denial of their motion regardless of the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., AUSTIN, ROMAN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court