Alesi v Meli (2023 NY Slip Op 00072)

Alesi v Meli

2023 NY Slip Op 00072

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2020-03800
 (Index No. 610698/18)

[*1]Ashley Alesi, respondent, 
v
Michael J. Meli, appellant.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Bisogno & Meyerson, LLP, Brooklyn, NY (George D. Silva of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated April 17, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On March 3, 2018, the plaintiff allegedly was injured when she was struck by a vehicle while crossing a roadway in Babylon. In August 2018, the plaintiff commenced this action to recover damages for personal injuries against the driver of the vehicle. Thereafter, the defendant moved for summary judgment dismissing the complaint. In an order dated April 17, 2020, the Supreme Court denied the defendant's motion. The defendant appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709). "A driver . . . has a statutory duty to use due care to avoid colliding with pedestrians on the roadway [pursuant to Vehicle and Traffic Law § 1146], as well as a common-law duty to see that which he [or she] should have seen through the proper use of his [or her] senses" (E.B. v Gonzalez, 208 AD3d 618, 619 [internal quotation marks omitted]).
Here, the defendant failed to establish, prima facie, that he was free from fault in the happening of the accident, since his submissions in support of the motion raised triable issues of fact as to whether the defendant violated Vehicle and Traffic Law § 1146 by failing to exercise due care to avoid hitting the plaintiff (see Sage v Taylor, 195 AD3d 971, 972; Qi-Wen Pan v Lall, 174 AD3d 930, 931; Fitzsimmons v Long, 136 AD3d 738, 739). The defendant's submissions included, inter alia, a transcript of the plaintiff's deposition testimony, in which the plaintiff testified that she was "[a]t the back" of a group of approximately 10 people when she crossed the roadway where the accident occurred, and that she was already approximately three quarters of the way across the street when the accident occurred. The defendant also submitted a transcript of his own deposition testimony, in which he testified that just prior to the accident, he observed two other individuals [*2]crossing the roadway ahead of him whom he yelled at, and that he only saw the plaintiff for a "[s]plit second" prior to hearing the impact to his vehicle. Thus, the defendant failed to eliminate triable issues of fact as to whether he contributed to the accident by failing to keep a proper lookout for the plaintiff and failing to exercise due care to avoid the collision (see Fitzsimmons v Long, 136 AD3d at 739). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BRATHWAITE NELSON, J.P., WOOTEN, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court